WRIGHT, WILLIAMS & Co. *v.* L. M. STEED, Curatrix—J. L. RICHARDSON, Third Opponent and Appellant.

A purchase of real estate of a succession, made under an order of sale obtained *ex-parte*, and without notice to the curatrix or to creditors, is invalid and will be set aside.

A third opponent who claims title to the property against which a mortgage creditor is proceeding, and whose title has been declared null, is without interest to litigate the correctness of the judgment as between the plaintiff and defendant.

APPEAL from the Tenth District Court of Madison, *Snyder*, J.

*M. Dubose*, for plaintiff and appellee, cited 3 L. 495; 1 R. 41; 8 R. 14. *Bemiss* and *Amonett*, for third opponent and appellant. *Andrew R. Hynes*, for defendant.

SLIDELL, C. J. The appellant, *Joseph L. Richardson*, filed a third opposition, claiming title to certain lands, which the plaintiffs were proceeding to have sold as the property of the succession of *William Steed*.

The court below declared the judicial sale, under which the third opponent claimed, invalid, and set it aside. In this we think the court did not err. The application for sale made by *W. B. Richardson* in the *mortuaria*, and the subsequent order and proceedings under which the sale was made to *J. L. Richardson*, were, so far as we are informed by the record, entirely *ex-parte* and without notice to the curatrix of the succession or creditors, among whom were the present plaintiffs. Comparing the price of adjudication with the appraisement, there was an enormous sacrifice.

The succession has not appealed, and the third opponent is without interest to litigate the correctness of the judgment as between plaintiffs and the succession.

Judgment affirmed with costs.