## STATE v. LAZARRE AND LEOPOLD REISS.

The Sheriff has no authority to receive money as security for the appearance of persons accused of crime.

Parties admitted to bail under bond, are, as it were, transferred from the custody of the Sheriff to the friendly custody of the sureties in the bond, who may at any time surrender the accused in discharge of the bond.

Courts of justice will not aid parties to enforce or relieve them from the effects of contracts made in violation of law.

APPEAL from the District Court of Iberville, *Robertson*, J. *Z. Labauve*, for appellee.

MERRICK, C. J.　*Lazarre* and *Leopold Reiss* were arrested under a charge of larceny.

On a hearing, under a writ of *habeas corpus*, the District Judge ordered that the parties be admitted to bail upon their executing their several bonds in the sum of five hundred dollars each with good and sufficient security, with a condition for their appearance at the next term of the District Court.

On behalf of *Lazarre Reiss* one *Felix Reiss* deposited cash and drafts in the hands of the Sheriff, amounting to the sum of five hundred dollars, as security for the appearance of *Lazarre Reiss*, before the Sixth District Court in and for the parish of Iberville, to answer the charge.

The Sheriff signed the receipt for the money in his official capacity, and it seems enlarged *Lazarre Reiss*.

An indictment was preferred against both defendants, and *Lazarre* failed to appear to answer the same.

After this failure of *Lazarre Reiss*, *Felix Reiss* assigned his claim to the money in the hands of the Sheriff.

The present proceeding was commenced by a rule taken by the assignee of *Felix Reiss* upon the Sheriff, to show cause why the money should not be paid to him. The State of Louisiana intervened in the rule, nevertheless it was made absolute, and the State has appealed.

There is no law which authorizes a Sheriff to receive money as a security for the appearance of persons accused of crime. Where parties are admitted to bail under bonds and recognizances, they are not absolutely discharged, but are (as it were) transferred from the custody of the Sheriff to the friendly cus-

tody of the sureties in the bond or recognizance. 6 Mod. R. 231. These new keepers have the right to surrender the party accused in discharge of his bond to the Sheriff or his deputy, in open court or in the four walls of the prison. This right of surrender implies the right of arrest as an incident to it. Rev. Stat. p. 170, sec. 60 ; Ibid, p. 12, sec. 7.

Aside from the positive provisions of law on the subject of bail in criminal cases, it is evident, to say nothing of its liability to abuse, that the deposit of money with the Sheriff, as security for the appearance of the accused, would not be so likely to secure the end proposed as that provided by the statute.

We think, therefore, the delivery of the money to the Sheriff and his release of the accused upon the same, clearly illegal and against the policy of the law.

The assignee of *Felix Reiss* has not acquired any greater right than *Reiss* himself had. Courts of justice will not aid parties to enforce or relieve them from the effects of contracts made in violation of law. See *Davis* v. *Holbrook*, 1 An. 178.

The rule ought to have been discharged, but as the State alone has appealed the only decree we can render in accordance with our views of the law, is to dismiss the appeal.

Appeal dismissed.