J. ROUANET *v.* L. CASTEL et al.

The Code of 1825, on the subject of respite, has not introduced a new rule of counting the votes at the meeting of the creditors. The majority in number and amount is to be ascertained by reference to those admitted by the debtor upon the tableau.

The Legislature having apparently acquiesced in this previous construction of the law, which is one proving the obligation of contracts, the court has less difficulty in adopting it.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *J. & E. Burmudez,* for plaintiff. *L. Eyma,* for defendants and appellants.

MERRICK, C. J.    In the Code of 1808, under the title *Respite,* it is provided that " the creditors who have not taken the oath, (at the meeting of the creditors,) cannot be reckoned in the number of the creditors who possess three-fourths of the debts."    Page 438, Art. 4.

This provision of law is reproduced in the Code of 1825, in these words :

" The creditors who do not make this oath, shall not have the right of voting, and their credits shall not be counted among those by which it is to be determined whether the respite is granted or not."    3054, No. 5.

Under the Code of 1808, it was held that those creditors placed on the bilan who did not appear at the meeting of the creditors and vote, should be counted among those refusing the respite.    3 N. S. 446; ibid 504.

The question presented in the present case is, whether the provision of the Code of 1825 just cited, has introduced a new rule of counting the votes ; whether in counting the votes to ascertain the majority in number and amount, those at the meeting of creditors alone are to be considered, or whether the majority in number and amount is to be ascertained by reference to those ad-mitted by the debtor upon the bilan ?

The point was made and the question appears to have been considered in the case of *Janin* v. *His Creditors,* 8 L. R. 467, and the same construction was put upon the New as upon the Old Code in this particular.    It is possible that we might have found some difficulty in arriving at the same conclusion.    But as the construction is one favoring the obligation of contracts, and as the Legislature has, since the abovementioned decision was rendered, passed a law amending Art. 3053 C. C., so as to give power to a majority of creditors in number and amount to bind the others, thus apparently acquiescing in the construction of our predecessors, we do not feel ourselves called upon to adopt a different construction of the Article in question.    See Acts 1843, p. 51.

Judgment affirmed.