## No. 4657.

MERCHANTS' MUTUAL INSURANCE COMPANY *v*. SAMUEL JAMISON.

Where the evidence shows that A owed the Merchants' Mutual Insurance Company ten thousand dollars; that he executed in favor of said company a mortgage of fifteen thousand dollars to secure the payment of two promissory notes, one for $10,000 and the other for $5000, to the order of the maker and indorsed in blank; that he tried to have the company to discount these notes and pay itself out of the proceeds; that the company took the ten thousand dollar note, but returned the five thousand dollar note to the maker; and that B became the owner of it in good faith and for a valuable consideration;

Held—That on the Merchants' Mutual Insurance Company foreclosing the mortgage for the ten thousand dollar note and becoming the purchaser of the property at sheriff's sale, it had no right to curtail that mortgage to its advantage; that there was no extinguishment thereof by confusion, and that B had a right to one-third of the net proceeds of the sale.

APPEAL from the Sixth District Court, parish of Orleans, *Saucier*, J. *Albert Voorhies*, for plaintiff and appellee. *Semmes & Mott*, for John A. Turnell, holder of concurrent mortgage, appellant.

LUDELING, C. J. Samuel Jamison executed a mortgage to secure two promissory notes, one for ten thousand dollars, and the other for five thousand dollars, payable to the order of the maker, and by him indorsed in blank. The mortgage was in favor of the Merchants' Mutual Insurance Company.

The evidence shows that Jamison owed the Insurance Company ten thousand dollars, that he executed this mortgage for fifteen thousand dollars and tried to get the company to discount the notes and pay itself out of the proceeds. The Company took the ten thousand dollar note, but refused to discount the paper, and returned the five thousand dollar note to the maker, who disposed of it, and John A. Turnell became the owner of it in good faith before maturity and for a valuable consideration.

The Merchants' Mutual Insurance Company foreclosed the mortgage, to enforce the payment of the ten thousand dollar note and became the purchaser of the property at sheriff's sale for the price of ten thousand dollars.

The company then took a rule on John A. Turnell, the holder of the other note, to show cause why the mortgage should not be canceled, on the ground that the plaintiff had been the holder of both of the notes, and that one of the notes had been returned by them to the maker, and was thus extinguished by confusion, and having been re-issued by the debtor, was but an ordinary debt in the hands of the holder. To this Turnell answered that he had purchased the note in good faith, before maturity and for a valuable consideration, and claimed his *pro rata* of the proceeds of the sale, as the holder of one of the notes secured by the mortgage.

The error of the plaintiff is in supposing the Merchants' Mutual Insurance Company was ever the holder or owner of the five thousand dollar note, or that the note was ever returned to the maker, after it was issued. It was offered to the company for discount, but they refused it. But this refusal to discount this note did not prevent the maker from selling it elsewhere as a note secured by the mortgage. The mortgage was for fifteen thousand dollars; by refusing to discount the five thousand dollar note, the Merchants' Mutual Insurance Company could not curtail that mortgage to its advantage and the disadvantage of the mortgageor.

The judgment of the lower court, practically decreeing that the note held by John A. Turnell was not secured by said mortgage, is erroneous.

It is therefore ordered and adjudged that the judgment of the court *a qua* be set aside, and that there be judgment in favor of defendant against the plaintiff for one-third of the net proceeds of the sale of the mortgaged property, to wit, for the sum of three thousand one hundred and thirty-six dollars and forty-four cents, and costs of both courts.

Rehearing refused.