## No. 8638.

### MARY A. ROBERTS VS. JOSEPH BAUER ET AL.

The purchaser at a public sale is entitled to demand an unencumbered title before being compelled to comply with the terms of the adjudication.

A mortgage describing the property hypothecated as "un vaste terrain à l'encoignure des rues Orléans et Bourbon" will not be held invalid for want of sufficient description of the "nature and situation" of the thing, at the instance of one who has not been misled thereby.

A mortgage made by a mortgagor alone for the security of bonds to be negotiated, is not *ab initio* invalid for want of a concurring mortgagee. It stands as a valid unilateral contract, but remaining suspended and imperfect until the bonds are issued and negotiated, when the mortgage takes effect in favor of the holders of the bonds, whose acceptance of the mortgage is sufficiently evidenced by the acceptance of the bonds secured thereby.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*Chs. Louque* for Plaintiff and Appellee.

*Jerome Meunier* and *Chs. F. Claiborne* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J. Margaret Mulligan obtained a judgment for money against the Roman Catholic Church for the diocese of New Orleans, and she issued a writ of *fi. fa.* under which was seized "three lots of ground in the Second District in square bounded by Orleans, Bourbon, St. Anne and Royal streets, designated by the letters B, C and D, etc.," of which one lot formed the corner of Orleans and Bourbon streets, and the other two were contiguous to it. The Recorder of Mortgages reported as inscribed against said property a mortgage executed by the Roman Catholic Church for the diocese of New Orleans, granted in favor of all persons holding coupons or obligations, per act before O. DeArmas, notary, dated January 26th, 1879, to secure the sum of $250,000, interest and cost, etc., on said property and others.

To remove this encumbrance, Margaret Mulligan took a rule upon the Recorder of Mortgages, the Roman Catholic Church, and on W. E. Murphy, appointed attorney for the absent creditors, to show cause why the Recorder should not abstain from reporting as against the property seized the mortgage above referred to, on the grounds that the lots seized do not appear to have been mortgaged, and that no description in the act corresponds thereto; and that no mortgage has ever been accepted by the bondholders.

This rule was made absolute. The property was sold under the *fi. fa.* and adjudicated to Mrs. Roberts, the present plaintiff. The latter then caused the property to be sold at auction, and they were adjudi-

cated to defendants. They rejected the title. The instant suit was brought to enforce their acceptance. Their defense is, that the property is encumbered with the aforesaid mortgage, the inscription whereof has never been legally annulled, and that the judgment on the rule is no protection to them, because the bondholders were not parties thereto and are not bound thereby. The plaintiff retorts that said judgment is *res judicata* against the bondholders, and, if not so, that the mortgage is a nullity for reasons hereafter to be stated.

The claim that the bondholders are concluded by the judgment on the rule is not very seriously pressed and is clearly untenable. The rights of mortgagees would be indeed insecure, if they might be thus annihilated in judicial proceedings to which they are not parties and of which they have no notice.

No text of law is quoted authorizing their valid representation by an appointee of the court, in absence of any designation of them by name, or proof that they are absentees. They were, therefore, not legally represented and are not bound by the judgment. Morris vs. Cain, 34 An. 657.

Plaintiff, however, contends that the mortgage is invalid and null on various grounds, and, therefore, is not a real encumbrance on the property.

1. It is said that, under Art. 3306 C. C., the mortgage is invalid for lack of sufficient description of the "nature and situation" of the immovable.

The act of mortgage is in French, and describes the property as "un vaste terrain à l'encoignure de rues Orléans et Bourbon."

In commenting upon the similar Article, 2129 C. N., Troplong says: "Il ne faut pas apporter esprit trop minutieux dans l'exigence de ces conditions. Il suffit que les parties aient employé telle ou telle désignation qui ne laisse pas de doute sur l'identité de l'immeuble." Troplong Hyp. et Priv. No. 536.

He further shows that the French Court of Cassation has adopted the same view.

Our own Court has given a like application to our Article and, in numerous cases, has maintained descriptions which, under a rigorous enforcement of its terms, would be defective.

In an early case the Court maintained a defective description, saying : " the defendant cannot complain that he has been misled by the erroneous description of the lot.    *    *    The lot was described with sufficient certainty and in a manner not calculated to *mislead or deceive* anyone." City Bank vs. Denham, 7 Rob. 39.

In a later case the Court said : " the question is, whether anyone contracting with Sims, or in anywise trusting him, or interested as a

creditor, would have been misled or kept in the dark by the omission to state the township, range, section, and the quantity of acres in Sims' tract. We think not, and are of opinion that, in this case, there has been a fair compliance with the requirements of law." Ells vs. Sims, 2 An. 253; see also City Bank vs. Barrow, 21 An. 396; Consolidated Association vs. Mason, 24 An. 518; Baker vs. Bank, 2 An. 371; Thornhill vs. Burthe, 29 An. 639.

We find but two cases in which the mortgage has been held invalid on this ground, and, in both, there was a total want of description. Edwards vs. Caulk, 5 An. 123; Keiffer vs. Starn, 27 An. 282.

Applying these principles to the case at bar, is it possible that any one contracting with the Roman Catholic Church could have been misled or deceived in this case? We think not. He would have been informed that on a property belonging to the Church, at the corner of Orleans and Bourbon streets, there was a mortgage, and, in contracting about such property, he would naturally be put upon inquiry as whether it was the same as that mortgaged. Nor would he be justified in assuming that the mortgage covered only the corner lot, according to a particular subdivision.

The general terms of the act of mortgage and the words used, "un vaste terrain," would suggest that they included the whole ground belonging in one body to the Church in that situation, without reference to such subdivisions. In point of fact, the registry of the mortgage with this description proved an effectual notice, for when the Recorder was called on for his certificate of mortgages resting on the property as described in the seizure made under the *fi. fa.*, he did not fail to report this mortgage. Thus, all the purposes of the law were accomplished, and there is no merit in the claim of nullity on this ground.

2. It is next contended that the mortgage is intrinsically null, because it is purely unilateral, and not accepted by any mortgagee.

It was long since decided by this Court, that "the formal written acceptance of the mortgagee was not necessary. The acceptance of the note by the payee was an acceptance of the mortgage which it stipulated, and by the delivery of the note the entire contract became complete between the debtor and the creditor." Ells vs. Sims, 2 An. 254; Citizens' Bank vs. Ferry, 32 An. 314.

A like view is taken in the French jurisprudence, where the law requires a mortgage to be made by authentic act, and the question arose whether the acceptance of the mortgagee must likewise appear by authentic act. The Court of Cassation held, that the authentic act of mortgage could constitute a unilateral engagement and could be regularly made by the debtor alone, and that the law did not require the creditor to accept it by authentic act. In such case, the unilateral

contract remained suspended and imperfect until accepted or acted on by the creditor, but authentic evidence of such acceptance was not essential.   Paul Pont, Priv. et Hyp., No. 659.

It is equally settled that a mortgage may be created. for a debt not yet contracted, *futuræ obligationis nomine,* and which remains suspended until the debt is contracted.  Pothier Hyp. No. 62 ;  Paul Pont Priv. et. Hyp. No. 719.

In the case of Shepp vs. Smith, *ante,* p. 1, we said :  " Whatever perplexities once existed touching the power of a mortgagor to dispose himself of his notes secured by mortgage in favor of a *nominal* mortgagee, have been effectually dispelled by the ruling in. the case of Merchants' Ins. Co. vs. Jamison, 25 An. 363 ; so also 21 An. 3 ; 27 An. 561."

These principles and authorities settle all the questions raised in this case.

The ecclesiastical corporation desiring to raise money, provided for the issuance of certain bonds, to be negotiated, and affected its immovables with a mortgage to secure the same.    This was a lawful unilateral engagement, establishing a mortgage to secure a debt not yet contracted, which remained without effect until the bonds were negotiated and then took instant and complete effect in favor of the holders of said bonds.

The court *a qua* did not err in receiving parol evidence to establish the negotiation of bonds, and while we cannot but marvel that the proof was not made more complete and satisfactory, we. think it does establish that some of the bonds were negotiated.

It was, however, the duty of plaintiff to tender to defendants an unencumbered title, and, under the circumstances of this case, she must make that fact clearly appear.   She cannot force defendants to accept a doubtful and clouded title.

There is nothing in the objection that the " exact sum " for which the mortgage is given is not stipulated.   The contract itself limits the amount of the bonds to $250,000.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from. be annulled, avoided and reversed, and that there be judgment in favor of defendants and rejecting plaintiff's demand with costs in both Courts.