No. 9069.

JOSEPH A. BOURG vs. LOUIS LOPEZ ET AL.

Consolidated.

An agreement by which one transfers to another certain movable property with the proviso and condition that this latter is to sell it, pay himself what the transferror owes him, and distribute the residue to certain named persons, is not a sale, and the transferree does not thereby become the owner of the property. He is at most a bailee or trustee.

A seizure under *fi. fa.* of this property by a judgment creditor of the transferror is lawful, and an injunction by the transferree restraining the sale of it, will be dissolved with damages.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Goode*, J.

*Jos. P. Hornor, F. W. Baker* and *J. B. Winder* for the Appellee.

*O'Sullivan & Blake* for the Appellants.

The opinion of the Court was delivered by

MANNING, J. Bourg issued execution upon his judgment against Lopez and Martinez, and seized the undivided half of certain sugar

and molasses. Hobert intervened, claiming the sugar and molasses as owner, and obtained its release on bond, but did not injoin the sale or seek to stay it. The sheriff was proceeding with his execution, when an injunction was then sued out, and is the second suit.

Hobert's intervention asserts that he is the lawful owner and possessor of the property by virtue of an act of transfer and sale, the consideration of which was Lopez' indebtedness to him for advances to make and take off his crop, and to pay his hands for labor. He disclaims in terms relying upon his superior privilege, and avers that "his right is based on that of ownership under and by virtue of the act of sale and transfer," and the Act was introduced in evidence.

This Act recites that Lopez is indebted to Hobert in the sum of $919.84 for advances, "and in order to effect a settlement with him, Lopez transfers and delivers to him" the sugar and molasses, "provided Hobert ships the crop and out of the proceeds, after paying himself, shall pay the hands, and shall pay what remains to Martinez for services as overseer." Hobert appears and accepts this "agreement," as it is therein called, acknowledges possession of the produce, and binds himself to appropriate the proceeds as above set forth.

This is not a sale. It has no element of that contract. It did not divest ownership, and therefore did not transfer it. Neither is it a giving in payment. Full dominion over the property, with power to do with it as he listed, is not conferred by the instrument. It cannot rightly be called a pledge, but if it were, that would not protect the property from the pursuit of other creditors. Augé vs. Variol, 31 A. 866; Pickens vs. Webster, *Ibid*, 870; Hornor vs. Dennis, 34 A. 389. Like the contract in Herold vs. Stockwell, 32 A. 951, it has no name, and is at most a bailment whereby Hobert bound himself to distribute the proceeds of the sale to named persons in sequence, and thus held as trustee for them. Martinez is the last beneficiary. He is to be paid the residue after Hobert and the hands are paid, and he is one of the solidary debtors of Bourg. The writ of *fi. fa.* issued against Lopez the owner and him. The seizure was not wrongful, and the injunction was properly dissolved.

It must be observed Hobert makes no claim of privilege, lien, pledge, or other right for the security of the debt Lopez owes him. He is no longer a creditor of Lopez, but absolute owner of specified property by a recorded title. He will have nothing less or else, and it is because he is owner that the seizure of his property to pay another's debt is tortious and should be stayed.

His title fails him. He is not made owner thereby. The judge awarded fifty dollars damages as attorney's fee and twenty-four dollars as general damages in dissolving the injunction, and reserved to Hobert the assertion of any privilege he may have upon the property.

The counsel of Bourg complain of this reservation, but we think it was properly made.

Judgment affirmed.

Rehearing refused.