## No. 1216.

### MRS. A. L. BUFORD VS. W. A. COLLINS.

A contract by which one party, unmarried and having no forced heirs, conveys an immovable to another for the consideration of an annual stipulated rent during the lifetime of the party conveying the property, in which the advantages, if any, of the vendee, are not immensely disproportionate, is not in contravention of the laws of Louisiana.

Hence such a contract will be enforced by the courts.

APPEAL from the Sixth District Court, Parish of Morehouse. *Baird*, J.

*G. H. Ellis* for Plaintiff and Appellant.

*Newton & Cason* and *J. P. Madison* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. A statement of facts is necessary to a proper understanding of the issues involved in this case.

In November, 1833, William J. Buford, who was then unmarried and without forced heirs, ceded and conveyed by authentic act, a tract of land and improvements thereon, to the defendant herein, in consideration of rents in the sum of $800, payable annually, on the first of December, to secure the payment of which, Collins specially mortgaged the property thus conveyed and other property of his situated in the same parish. And it was further covenanted that:

"The above stipulation, agreements and contract, both as to the payment of said notes and the security therefor, shall remain in force and effect during the life time of said Buford, and at the death of said Buford, the title to said property is to remain in said Collins, his heirs and assigns forever, unincumbered with any rent charge to any one whomsoever, and all the property herein described is to be free from said mortgage and hypothecation."

.Collins was reserved the right to relieve himself from paying said annual rents, by paying the value of the property thus ceded, under the provisions of Article 2788 of the Civil Code, provided such right be not enforced till thirty years have passed from the date of the contract.

Buford married sometime thereafter, and died on the 23rd of December, 1885, leaving a widow and a posthumus child born a few months after his death, and which died soon after birth.

This suit is brought by his widow by right of representation of her deceased child; and its object is to annul and set aside the contract herein above mentioned on account of lesion beyond moiety, and this appeal is brought up by her from an adverse judgment.

Defendant filed an exception of no cause of action, which was referred to the merits, but which was sustained after full trial.

Another exception was filed, which, under the views which we have taken of the case, need not be noticed.

An intervention was filed by a creditor of Buford, who took the position that the rents were due in perpetuity, that the stipulation limiting the rents to the lifetime of Buford was null as reprobated by law, and that Collins should be held liable for the payment of three years arrear rents, out of which he prayed for judgment for the amount of his claim, amounting to $758 20.

The district judge, holding that the contract was legal and binding in all its parts and stipulations, and dismissing the main action for that reason, considered that the intervention fell with it, and dismissed it also.

Appellee's motion to dismiss the appeal taken by the intervenor, on

the ground that his demand was not within our jurisdiction, is well founded. Hence, intervenor's appeal must be and it is dismissed.

The issue is thus restricted between plaintiff and defendant, and it involves exclusively the alleged nullity of the contract on the ground of lesion beyond moiety. Under plaintiff's pleadings she is entitled to no relief at our hands, except a decree annulling the contract as an entirety, and she is at present estopped from asking any judgment looking to the enforcement of annual rents in perpetuity.

In brief her counsel argues as follows:

"Strike from this contract the stipulation in Collins' favor, in which the rents should cease or pass to Collins and his heirs at Buford's death, and we have as binding a contract of rent as it is possible to make under our laws." C. C. Articles 2779 et seq.

He therefore concedes that without the clause in question the contract would be legal.

Now is there any law which forbids the stipulation contained in that clause? We know of none, and counsel has failed to refer us to any provision of our laws having such a purport or effect.

The introduction of that clause in the contract relieves it of the character of a contract of *rent of lands*, and injects into it a feature of the aleatory contract defined in our Code, as a "mutual agreement of which the effects, with respect both to the advantages and losses, whether to all the parties or to one or more of them, depend on an uncertain event." Article 2982.

The preponderance of the evidence shows that the property conveyed was worth from $4000 to $5000, and that its rental value at the date of the transfer was about $600 per annum. As we read the contract, the chances in favor of Buford, who was neither old nor infirm at the time, appear to be, in case he lived ten or more years, to secure a fixed income in excess of the rental value of the property, and which would, in the aggregate, largely exceed the real value of the property; and in case he should live for thirty years, up to the time when Collins could redeem the rents, would have amounted to $24,000. As to Collins, his chances were to acquire the property by light or easy annual instalments, and at a reduced price, in case Buford should not live more than five years.

The validity of such contracts, whether they be denominated, aleatory contracts, or sales for a *rente viagère*, or onerous donations *inter vivos*, has been uniformly recognized as legal and binding in our jurisdiction as well as in France, whence we derive our system of laws, and it is well settled that they will not be disturbed by the courts, unless the

advantages to the vendee be immensely disproportionate. Dopler vs. Feigel, 40 Ann. 848; Landry vs. Landry. 40 Ann. 229; Morr vs. Marbet, 39 Ann. 1068; Parker vs. Talbott, 37 Ann. 22; Pugh vs. Cantey, 33 Ann. 790; Succession of Fortin, 10 Ann. 739; Merlin Répetoire verbo Lesion Sect. I, No. 8 Marcedé, vol. 6, pp. 313 and 314.

Under our construction of the contract, and considering the position of Buford at the time, the condition of the property, his failure to cultivate it profitably, it does not appear to have been disadvantageous to him, but that on the contrary it was a wise and provident contract for him to make. His loss and that of his heir is due simply to the premature happening of the uncertain event on which depended the advantages or losses of which he took the risk. We, therefore, conclude that the contract has successfully withstood the test of plaintiff's attack.

Judgment affirmed.