(38 South. 570.)

No. 15,471.

PHELAN v. WILSON.*

(March 27, 1905.)

VENDOR AND PURCHASER—DEEDS—CONSIDERATION—DESCRIPTION—VALIDITY.

N., by authentic and duly recorded act, transferred the legal title to certain property to

*Rehearing denied May 8, 1905.

S., to be by him sold and the proceeds applied to the payment of N.'s debts. The property was accordingly sold, and the proceeds applied as directed to W., the act of sale being duly recorded with full and complete description.

N. subsequently sold the same property to P., who brought a petitory action to recover it from W., on the ground, among others, that the description of the property in the act from N. to S. was insufficient to carry the title, and because the consideration of that transfer was the withdrawal of a criminal prosecution against the transferror. *Held* that, under the circumstances, N. could not ignore the sale to W. and recover the property, nor could P. do so.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Action by John A. Phelan against Mrs. Willie I. Wilson. From a judgment for defendant, plaintiff appeals. Affirmed.

Gaines & Looney, for appellant. H. T. Liverman and Charles Wheaton Elam, for appellee Wilson. Hall & Jack, for other appellees.

### Statement of the Case.

NICHOLLS, J. The plaintiff in this suit claimed to be the owner of certain described property in the parish of De Soto, which he alleged he acquired in good faith and for a valuable consideration from Oscar M. Nilson on January 28, 1903, by deed recorded on January 29, 1903.

That defendant was in unlawful possession of the same, and refused to deliver it to him, notwithstanding amicable demand. That he was entitled to damages for the illegal detention. That the property was worth $2,000, and he should be allowed $1,000 for the damages which he had suffered, and rent from January 28, 1903, at $20 per month, up to the time of the delivery of the property to him. He prayed for judgment in accordance with his allegations.

Defendant answered, pleading first the general issue. She averred that she was in possession of the property, as owner, by notarial act of sale from W. B. Sample, C. W. Blair, and O. H. Sample, of date November

5, 1902, recorded on the date of its execution, and had been in possession ever since the date of the purchase, the price of her purchase having been $1,400 cash. That her vendors were in possession of the property under a valid conveyance and transfer from C. N. Nilson, of date July 16, 1900, recorded on July 28, 1900. That by said act Nilson transferred the property to W. B. Sample, C. W. Blair, O. H. Sample, M. Ricks, N. Cunningham, and the Commercial National Bank of Shreveport. That the three last-named authorized the Samples to sell the property to her. That the consideration of the sale and transfer from Nilson to said parties was not fully stated in the act of July 16, 1900. That Nilson had wrecked the Bank of Mansfield, of which he was the cashier, and of which W. F. Sample, Blair, Cunningham, and Ricks were directors, by using the funds of the bank in buying and operating sugar plantation in the name of corporations, limited, of which he was the chief or sole proprietor, without the knowledge or consent of said board of directors, and he was thereby indebted to said bank in the sum of $26,500, and had been arrested on the charge of embezzling the funds of said bank. That it was intended by said act of July 16, 1900, that the said parties named as vendees should become the owners and acquire said property, with full authority to sell the same and use the proceeds in paying the debts of said bank, and, as a consideration for the same, the said Nilson was released from his said indebtedness to said bank. That said contract was a valid contract for a good and real consideration, and, whether called a sale, or giving in payment, or innominate contract, it was duly executed, the purchasers were placed in immediate possession, and, after trying to get a better price, sold the same to this defendant, and used the proceeds in paying the debts of said bank. That, after using this and all of the assets of said bank in payment of its debts,

there was a deficit of $1,828.16, which these purchasers paid out of their own money.

That the said Phelan made his pretended purchase of said property from the said Nilson after the said Nilson had sold to defendant's authors, and after they had sold to defendant, and their titles were spread upon the public records of the parish, and they have been in possession for more than two years. That said Phelan is a mere person interposed to try and get said property for the said Nilson; that he never saw the property; is a traveling book agent, living in Chicago, and was never in the town of Mansfield, La. That in passing through the city of Shreveport the attorneys of O. M. Nilson, or M. N. Wood, his agent, asked and obtained his consent for the use of his name in this matter, being the same attorneys of record for plaintiff in this case. That he paid nothing for said property, but pretends to have given his notes on long credit. That he is in bad faith, and without right or interest to disturb defendant.

She alleged that she had put valuable and necessary repair and improvements upon the property. Averring that she had purchased it under full warranty, she called her vendors in warranty, and contingently asked judgment against them. The warrantors answered. They admitted that they sold the property to the defendant, and were liable to her in the event of eviction for the price. They averred that they acquired the property from Nilson as stated in defendant's answer; that the act of sale and transfer to them of July 16, 1900, had a real, just, and valid consideration, and was none the less valid because the same was not fully and completely expressed. That the debts of the bank of Mansfield, assumed and paid by the vendees under said act of July 15, 1900, less cash and its equivalent on hand, then amounted to $29,000, and that all of the assets of the bank, and all the property transferred to them by the said Nilson, were in-

sufficient to pay said indebtedness, but left a deficit of $1,828.16, which the said vendees paid with their own money.

That the said Nilson had used the funds of the bank in buying the property sued for and in his private business, giving to the bank the notes of the said so-called corporation of which he was proprietor. That he used said funds without the knowledge or consent of the directors of said bank of Mansfield, which was an incorporated bank under the general laws of the state, and he was liable to said bank and its creditors for the money used by him in the sum of $26,-500, and said property was transferred and delivered to said purchasers in payment of said indebtedness of the said Nilson and said bank, with the full purpose and intention that the vendees should become the owners and have the right to sell the property to reimburse them for the debts of said bank assumed and paid by them. That said contract was executed according to its terms and purpose, and the sale by it to the defendant should be sustained, and plaintiff's demand rejected, at his costs.

Further answering in the alternative only, that the court should hold that said act of July 16, 1900, and the sale to defendant of November 5, 1902, did not transfer said property, and that the defendant's title cannot be sustained, then and in that event they aver that, if said act is not good as a sale or transfer of said property, it is good and valid as a security or mortgage or hypothecation of said property to secure the said parties in assuming and paying the debts of said bank; and they ask in reconvention that their rights upon said property be recognized and enforced, and that O. M. Nilson, a resident of the state of New York, be cited through an attorney ad hoc appointed to represent him, and that there be judgment enforcing their claim for the amount of said deficit, which, with the price of this property to be returned to the defendant, would be

$3,228.16, and that said property be seized and sold to pay and satisfy said sum, interest, and costs.

That the said O. M. Nilson had left the state permanently. That he was wholly insolvent, and without means or property, and that a demand upon him was impracticable, and would be wholly vain and useless. That if the court should hold that the act of July 16, 1900, was neither good as a sale or transfer, nor as a security, then and in that event they alleged that the said Nilson bought said property now in controversy from Miss Ella Foster in the name of his wife, Lillie W. Nilson, but paid for it with the funds of said Bank of Mansfield charged to himself; and that afterwards, to wit, on the 4th day of November, 1899, he executed his three promissory notes for the sum of $1,000, due March 1, 1901, and the sum of $500, due and payable on the 1st of March, 1902, with 8 per cent. interest from date until paid, secured by special mortgage on the principal portion of the property in controversy of same date, executed by notarial act duly recorded in the mortgage records of said parish of De Soto, in book 6 of Mortgages, on page 201, on the 14th day of November, 1899. That said mortgage was executed by the said Nilson in the form of a sale of said property, with mortgage retained from his wife, Mrs. Lillie W. Nilson, to him, and the notes were made to her order. That said notes were by the said Nilson and wife transferred by notarial act and indorsement to these warrantors on the 16th day of July, 1900, also as a part of the consideration of their assumption and payment of the debts of said bank, said notes being annexed hereto and made a part hereof.

That said act of sale may be of no effect as a sale, as he was already the owner of the property, although bought in his wife's name; yet the act is good and valid as a mortgage, she being a mere nominal mortgagee, no real mortgagee being necessary to

make a valid mortgage, as where a person executes a mortgage to secure notes payable to his own order. That said mortgage became effective against said property from its date and registry, when the notes were transferred to these warrantors. That they acquired said notes for value before maturity, and have the right to enforce the same against said property. That the said mortgage contains the stipulation not to alienate, deteriorate, or incumber said property to the prejudice of said mortgage, a certified copy of which is hereto annexed and made a part hereof. They further averred that the said plaintiff, John A. Phelan, had no knowledge of or interest in said property, except such as had been promised him for the use of his name in the pretended purchase of same and in this suit. That the attorneys who filed this suit were employed by Nilson or by N. M. Wood, his father-in-law, and that the said Phelan was induced to allow the use of his name as a person interposed for the said Nilson. That the sale to him was a mere fiction to enable Nilson's attorneys to use his name in this suit. That he was in bad faith, and had no greater right than Nilson would have were he plaintiff.

In view of the premises, they prayed that plaintiff's demand be rejected, and, in the alternative, if the court should find that the act of July 16, 1900, did not convey said property and authorize the sale of it to the defendant, and that defendant did not acquire a good title, then they prayed in reconvention that said act be recognized and enforced as a security or hypothecation or mortgage of said property, and that they have judgment enforcing their claim against the same for the sum of $3,228.16, the balance due them as above set forth, and that said property be seized and sold to pay said sum, principal and interest, and cost. And in the alternative that the court should not grant the relief above prayed for, then in that event they prayed that they have judg-

ment in reconvention, recognizing and enforcing their mortgage of date November 4, 1899, on the property described in said act of mortgage, and that the same be seized and sold, without the benefit of appraisement, to pay and satisfy said two notes of $1,000 and $500, with 8 per cent. interest from November 4, 1899, and 10 per cent. attorney's fees on the said sum, and all costs.

They prayed that an attorney ad hoc be appointed to represent O. M. Nilson, a nonresident, and for all rules, orders, and decrees necessary, and for general relief.

The district judge rendered judgment dismissing plaintiff's suit, rejecting his demand, and quieting defendant in the ownership and possession of the property, and plaintiff appealed.

### On Motion to Dismiss.

The defendant and the warrantors move for the dismissal of this appeal on the ground of want of citation, alleging that it had been granted at a subsequent term of court from that at which it was rendered and signed, on motion filed in open court, without any prayer for citation, the judgment having been rendered at the April term of court on the 30th of that month, and signed on the 3d of May at the same term, and the appeal having been taken at the October term of court on the 19th day of said month. The movers' syllabus on this point is as follows:

"Where parties consent for a decision of a case at chambers under section 2 of Act No. 72 of 1884, p. 94, which authorizes the judge to grant an order of appeal at chambers, and the parties waive citation of appeal, and the judge decides the case at a subsequent term in open court, and grants an order of appeal which is not prosecuted, and at still another term of court an appeal is taken on motion in open court without prayer for citation, such waiver of citation of the order of appeal to be granted at chambers will not be construed as applying to an order of appeal thus taken eleven months after such waiver and six months after such waiver."

Plaintiff's syllabus on the subject is as follows:

"Counsel waived citation and notice of judgment. This waiver was not limited as to time, and appellants acted in good faith. There was no motion of appeal filed on May 3d. The statement of the minutes of motion made is in error. The transcript would show motion if filed."

The whole purpose of a dismissal would be to delay the appeal, as appellant would have the right to renew appeal. Code Prac. art. 595; White v. Maguire, 16 La.. Ann. 337. When the ground for dismissal is doubtful, appeal will be sustained. Planters' Bank v. Bass, 2 La. Ann. 434; Guion v. Creditors of Succession of Guion, 19 La. Ann. 81; Brickell v. Conner, 10 La. Ann. 235.

Plaintiff evidently acted in good faith under the belief that the waiver of citation made by both parties did away with the necessity for the same, independently of the precise circumstances under which the judgment was rendered. We would be very reluctant to dismiss an appeal, particularly a devolutive appeal, and where the only effect of the dismissal would be to work delay and create costs. An examination of the record satisfies us that such would be the only effect in this case.

The motion to dismiss is denied.

### On the Merits.

The judgment of the district court in this case was based upon the conclusion reached by the district judge: First, that the plaintiff, Phelan, had no greater rights than his vendor, Nilson (State v. Reiss, 12 La. Ann. 166), and that he (the judge) was satisfied that plaintiff was merely a party interposed; and on the further ground that the property of which he sought to be decreed the owner had before its transfer to him been sold and delivered for a valuable, adequate consideration by an authentic, duly recorded act to a third party, who was in good faith and in actual possession of the same.

That though the transfer of the property from Nilson to the Samples and others was from a legal standpoint of very questionable character as between those parties, yet in some respects, the property having passed out of them by an executed contract to a third person, it was the court's duty to leave the parties in the situation in which the action found them. McClintock v. Loisseau (W. Va.) 8 S. E. 612, 2 L. R. A. 817; Mulhollan v. Voorhies, 3 Mart. (N. S.) 46; Gravier's Curator v. Carraby's Ex'r, 17 La. 118, 36 Am. Dec. 608; Puckett v. Clarke, 3 Rob. 82; Labauve v. Boudreau, 9 Rob. 29; Davis v. Holbrook, 1 La. Ann. 176; State v. Reiss, 12 La. Ann. 166; Boatner v. Yarborough, 12 La. Ann. 249; Monatt v. Parker, 30 La. Ann. 585, 31 Am. Rep. 229; Meyer v. Farmer, 36 La. Ann. 785; Texas & Pac. R. R. v. S. P. Ry., 41 La. Ann. 970, 6 South. 888, 17 Am. St. Rep. 445; Sample v. Barnes, 14 How. 70, note, 14 L. Ed. 330; St. L., V. & T. H. Ry. Co. v. Ry. Co., 145 U. S. 393, 12 Sup. Ct. 953, 36 L. Ed. 748.

The judge in his judgment alluded to the fact that, at the time of the transfer by Nilson to the Samples and others, the bank held in its possession mortgage notes on the property more than covering its value, and that the only effect of the transfer, so far as that property was concerned, was to do away with the necessity of a foreclosure.

The plaintiff insists that the act from Mr. Nilson to the Samples was not a sale for want of a price, and not a donation for want of form; that it was ineffective for want of a sufficient description of the thing sold, and for that same reason the registry of the act accomplished nothing; that the mortgage referred to had no existence, as it had not been legally accepted.

Counsel for defendant in their brief present the following propositions and authorities as answers to these contentions:

A precise sum in money is not necessary for the transfer of ownership. Weld v. Pet-

ers, 1 La. Ann. 432; Buford v. Collins, 41 La. Ann. 642, 6 South. 219. A contract, though not technically a sale for want of a fixed price or for other cause, may yet transfer property from one owner to another, where a real and valuable consideration did exist, and was in the contemplation of the parties at the time.

The contract may be innominate and yet convey ownership. Civ. Code, art. 1900; Helluin v. Minor, 12 La. Ann. 124; Jackson v. Miller, 32 La. Ann. 432; Chaffe v. Scheen, 34 La. Ann. 684–689; Brown v. Brown, 30 La. Ann. 966; Landry v. Landry, 40 La. Ann. 229, 3 South. 728; Succession of Sparrow, Id. 488, 4 South. 513.

A contract that is not good as a transfer of ownership may be good and enforced as a mortgage or security. Williams v. The St. Stephens, 1 Mart. (N. S.) 418; Id., 2 Mart. (N. S.) 22; Wright v. Steed, 10 La. Ann. 238; Rouanet v. Castel, 12 La. Ann. 520; Gleises v. McHatton, 14 La. Ann. 560; Bailey v. Chase, 18 La. Ann. 732; Ware v. Morris, 23 La. Ann. 668; O'Hern v. Hibernia Ins. Co., 30 La. Ann. 960; Parmer v. Mangham, 31 La. Ann. 348; Wang v. Finnerty, 32 La. Ann. 94; Jackson v. Miller, Id. 432; Herold v. Stockwell, Id. 949; Bourg v. Lopez, 36 La. Ann. 439; Crozier v. Ragan, 38 La. Ann. 154; Dickson v. Ford, Id. 740; Prude v. Morris, Id. 767; Howe v. Powell, 40 La. Ann. 308, 4 South. 450; Marbury v. Colbert, 105 La. 467, 29 South. 871.

The description of a residence or plantation by name and locality is sufficient. Robinson v. Atkins, 105 La. 790, 30 South. 231; Dickson v. Dickson, 36 La. Ann. 870; City Bank v. Denham, 7 Rob. 39; Laforest v. Barrow, 12 La. Ann. 148; City Bank v. Barrow, 21 La. Ann. 396; Consolidated Ass'n v. Mason, 24 La. Ann. 518; Fleming v. Scott, 26 La. Ann. 547; Thornhill v. Burthe, 29 La. Ann. 639; Roberts v. Bauer, 35 La. Ann. 453; Gee v. Clark, 42 La. Ann.

922, 8 South. 627; Bryan v. Wisner, 44 La. Ann. 832, 11 South. 290; Wood v. Fabrigas, 105 La. 24, 29 South. 367.

Where A. sells to B., who fails to record, and B. sells to C., who records, and A. sells to D., who records after C., the title of C. prevails. Hollingsworth v. Wilson, 32 La. Ann. 1012, and cases there cited.

No mortgage is necessary to the execution of a valid mortgage. A person can grant a mortgage in favor of himself or a mere nominal party, and the mortgage takes effect when notes pass to his creditor. Roberts v. Bauer, 35 La. Ann. 453; Ells v. Sims, 2 La. Ann. 254; Succession of Dolhonde, 21 La. Ann. 3; Merchants' Ins. Co. v. Jamison, 25 La. Ann. 363; Gardner v. Maxwell, 27 La. Ann. 561; Succession of Phillips, 49 La. Ann. 1019, 22 South. 202; Morris v. Cain's Ex'rs, 39 La. Ann. 730, 1 South. 797, 2 South. 418; Herber v. Thompson, 47 La. Ann. 800, 17 South. 318.

We are of the opinion that the judgment of the district court is correct, and that it should be affirmed. We find not only the law to be in favor of the defendant, but also the equities. Plaintiff has not expended a dollar for the alleged property purchased by him, and there is nothing to show in the act by which the property was transferred to him that the notes which he executed were ever delivered to his vendor. The circumstances connected with the purchase make it very problematical whether it was ever intended to have any reality. The recorder's certificate of mortgages and non-alienation was waived.

Through the act to the Samples, Nilson transferred to them the legal title to the property, and clothed them with the authority to sell the same and apply the proceeds to the payment of certain debts and obligations which he owed. This was done long before plaintiff claims to have acquired any right. Nilson could not ignore that fact and

regain the property, and neither can Phelan; certainly not to the prejudice of Mrs. Wilson.

The judgment appealed from is hereby affirmed.