LAND, J.
The defendant bank, as a judgment creditor of Arthur Loranger and of I-I. R. Loranger, seized under writ of fieri facias and advertised for sale a parcel of ground 100x300 feet in square 124 of C. E. Cate’s addition to the city of Hammond, in the xjarish of Tangipahoa. The plaintiff, the wife of Arthur Loranger, one of the judgment debtors, enjoined the sale on the ground that she is the owner of the property seized. Judgment was rendered in favor of defendant bank in the court below, decreeing Arthur Loranger to be the lawful owner of the property in question and dissolving the writ of injunction, with statutory damages against idaintiff and the surety on her injunction bond. Plaintiff has appealed.
1. Defendant bank obtained its judgment on November 21, 1922, and filed same for registry on the same date. The judgment was duly recorded in the mortgage records of Tangipahoa parish December 17, 1922.
At the date of the recordation of the judgment, there appeared upon the public records of Tangipahoa parish an authentic act of sale of date April 4, 1921, evidencing a conveyance by Arthur Loranger to Mrs. Minnie II. Loranger, his wife, of the property seized herein, for a cash consideration of $2,000. The act of sale was duly recorded April 6, 1921.
On the trial of the case the plaintiff offered to introduce in evidence the depositions of her husband and of herself'and the testimony of the notary to prove that Arthur Loranger and his wife had declared to the notary and the witnesses, at the time of the passage of the act of sale, that he desired to make a donation inter vivos to his wife, but, as the notary had no printed form for a donation, that he used, in lieu thereof, an ordinary form for a cash act of sale.
The defendant objected to the introduction of the authentic act of sale and to all testimony in connection therewith on the following grounds:
(1) That said pretended sale is null and void and can have no legal effect for the reason that it purports to be a sale between husband and wife, which is prohibited under the laws of the state of Louisiana.
(2) That parol evidence is inadmissible to vary, alter, contradict, or enlarge the terms of a written instrument.
(3) That said pretended deed is the best evidence of the intention of the parties.
(4) That the said sale being a nullity, and defendant bank having become vested in certain rights under its judgment, the plaintiff and her husband are estoxrped from asserting ownership in her of said property.
(5) That plaintiff and her husband, defendant’s debtor, cannot be heard to alter, modify, or change the said pretended deed, or any other part of the conveyance records, to the prejudice of -defendant’s judicial mortgage.
The objections of defendant to the admissibility of parol evidence were sustained by the trial judge. Plaintiff contends that this ruling is erroneous, as the party to a contract may show the existence of a true and sufficient consideration, if the cause expressed as the consideration should be one that does not exist. R. C. O. art. 1900. Plaintiff also contends that the consideration mentioned in article 1900 of the Civil Cbde *1057 means such consideration as was contemplated by the parties at the time of the execution of the act, citing Chaffe v. Scheen, 34 La. Ann. 684; Dietzgen v. Kokosky, 113 La. 454, 37 So. 24, 66 L. R. A. 503; Phelan v. Wilson, 114 La. 823, 38 So. 570; Landry v. Landry, 40 La. Ann. 229, 3 So. 728; Brown v. Brown, 30 La. Ann. 969; Foster v. Wise, 27 La. Ann. 538; Goodloe v. Hart, 2 La. 446; Dickson v. Ford, 38 La. Ann. 736; Brewer v. New Orleans Land Co., 154 La. 446, 454, 97 So. 605; Buford v. Collins, 41 La. Ann. 645, 6 So. 219.
Article 1900 of the Civil Code declares that:
“If the cause expressed in the consideration should be one that does not exist, yet the contract cannot he invalidated, if the party can show the existence of a true and sufficient consideration.”
We do not find it necessary to review all of the objections urged by defendant to the admissibility of parol evidence to prove that the recorded authentic act of sale from the husband to the wife is a donation inter vivos and not a sale. We shall consider, first, the fifth or last objection made to the offer of such evidence, as affecting the judicial mortgage of defendant bank, a third person.
In the case of Preslar & Tier v. Walker, 116 La. 665, 40 So. 1034, the court' said:
“But, above all, the defendant cannot be heard to successfully contradict the recitals of the deed in order that she may be able to prove that between her and a third person it was a donation. She did not in any way attack the deed made by her father, Wasson, to her husband Lee Walker; she never made the least attempt to reform it.
“At the trial the deed was offered in evidence by her together with oral testimony- contradicting it in essential particulars. This cannot be done. Recorded acts have a legal effect. They cannot thus be neutralized at convenience by a person who seeks to withdraw the property from the ownership of the person in whom it appears of record.
“True there are decisions (one of the number cited above) in which it was held that testimony is admissible to show the real consideration of the act, but this rule has never been extended so as to enable the parties to prove, as against third persons, that the recitals of a deed of sale meant a donation.” G. C. art. 2276; Succession of Guillory, 29 La. Ann. 495; Chaffe v. Ludeling, 34 La. Ann. 967.
In Rocques v. Freeman, 125 La. 66, 51 So. 68, it is said that: •
“The act yhieh is sought to be annulled in this case as a donation does not appear on its face to possess that character. On its face, it is a partition between Charles F. Metoyer and his sister. It was no more calculated to put innocent third persons on their guard against defects in the title than would have been a donation in the form of a sham sale. And we do not imagine any one would say that a donation in the form of a sham sale could be annulled to the detriment of innocent third persons who had dealt with the property on the faith of the public records.”
The conveyance records are the only things to which one dealing with real estate or any real right ever needs to look, under repeated decisions of this court. Baird v. Atlas Oil Co, 146 La. 1099, 84 So. 366.
Contracts affecting immovable property must be in writing and are utterly null and void, except between the parties, until recorded, and can only affect third persons from the time of recording. O. C. arts. 2266, 2275.
It is to be observed that the above decisions deal with contracts valid upon their faces.
The sale from Loranger to his wife is made in violation of a prohibitory law and is a nullity. The act of conveyance does not purport to come within any of the exceptions enumerated in article 2446 of the Civil Code, as to sales permitted by law between husband and wife, and carries its nullity upon its face.
As stated"in Rush v. Landers:
“The putative sale from husband to wife, purporting to have been made for money in hand paid, is not valid upon its face, but is distinctly invalid, as being apparently in violation of a prohibitory law. It cannot therefore be said to evidence a real transaction, but leaves *1059 the title to the property, apparently, in the vendor, and subject to seizure at the suit of his creditor.” Rush v. Landers, 107 La. 560, 32 So. 100, 57 L. R. A. 353.
In such a case the creditor is not required to resort to a direct action in avoidance of the sale before seizing the property.
It follows, therefore, that the attempt of plaintiff to prove by parol evidence a donation inter vivos as against defendant bank, a third person, is clearly an effort upon her part to establish by such evidence an unwritten and unrecorded title to immovable property, which the Civil Code declares to be utterly null and void as to third persons. C. C. arts. 2266, 2275. Even if admitted, such evidence would be wholly inadequate, under article 1900 of the Civil Code, to prove “a true and sufficient consideration” for the contract of sale which plaintiff has caused to be spread upon the public records, since love and affection is not a legal basis for the consideration of a sale, although sufficient as a consideration for a donation inter vivos.
To prove by parol evidence a true and sufficient consideration, in order to sustain the contract made between the parties, is always permissible, where the rights of third parties are not affected thereby. C. C. art. 1900. Rut to resort to such evidence for the purpose of contradicting or varying the contract entered into, in order to substitute in its place a contract of a dissimilar nature, is plainly reprobated by the textual provisions of our Code. Article 2276 of the Civil Code declares:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at .the time of making them, or since.”
.The effect of the parol evidence sought to be introduced in this case would be to replace a contract of sale duly recorded, and null and void upon its face, with a new and valid title of a different kind, a donation inter vivos, and, through this means, to transfer property standing in the name of the husband upon the public records to the wife.
Article 1536 of our Code expressly declares that:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
It is clear that parol testimony is not admissible to prove a donation inter vivos, The plaintiff made no effort to reform the deed in this case and to place of record a formal act of donation, prior to the recordation of defendant’s judgment.
In our opinion, the parol evidence offered in this case was properly excluded.
Judgment affirmed.
ROGERS, J., concurs in the decree.