YARRUT, Judge.
This suit was instituted as a sequestration of $98,273.68 of jewelry and diamonds, which plaintiff-appellee claims to have deposited with defendant Levin, since adjudicated a bankrupt, now represented by his receiver and trustee, who intervened for the bankrupt estate.
The District Court held plaintiff-appellee to be the owner, and intervenor (receiver and trustee) has taken this appeal. The record discloses the following facts:
Plaintiff is a Louisiana corporation, and is the subsidiary of Harry Winston, Inc., a New York corporation. The New York corporation is an importer, manufacturer and dealer in diamonds and jewelry. The bankrupt (defendant Levin) was doing business in New Orleans as a wholesale diamond setter and dealer under the name of Bob Levin Company.
The New York Corporation delivered the diamonds and jewelry in New York on IS different occasions to Levin, to be held and disposed of by him under the terms of the following accompanying memorandum :
“The goods described and valued as below are sent for your examination and remain the property of Harry Winston, Inc., or consignor, and are to be returned on demand. Title shall not pass nor shall sale be effected until' you have notified us of your agreement to pay the indicated price and we have indicated our acceptance thereof by sending you a bill of sale. Title shall then pass only to the articles. *719 so billed. In consideration of tibie delivery of said property to the undersigned the undersigned assumes full and unqualified responsibility for the absolute return of said property on demand without any excuse or defense whether for accident or any other cause mentioned or not, such obligation assumed being that of absolute insurer.”
The plaintiff contends the delivery of the diamonds and jewelry was on consignment, while the receiver and trustee contends they were sold. The trustee contends further:
(1) That plaintiff has no right of action because the transactions were all with the New York Corporation;
(2) That none of the memoranda given at the time the articles were delivered to Levin were signed by Levin;
(3) That plaintiff on many occasions accepted the purchase money from Levin without his first having notified it of his intention to purchase such articles, thereby admitting the relationship between them was that of vendor and purchaser, and not consignor and consignee.
The contention that plaintiff has no right of action is without merit. The secretary and manager of the present New York corporation, was also the secretary and manager of plaintiff. He testified positively that plaintiff corporation was the owner of the articles involved. Since any judgment rendered herein adversely to plaintiff would be res adjudicata and binding on both corporations, the exception of no right of action was properly overruled by the District Court.
Regarding the want of signature of Levin to the various memoranda reciting the terms of the transaction, since the sale of movables need not be in writing, the terms thereof may be proved by parol or in writing. The trustee does not challenge that the memoranda was not the basis of the relationship, but only differs with plaintiff as to its interpretation. ' This contention is likewise untenable.
That plaintiff on many occasions accepted the list price from Levin without first approving Levin’s purchase, did not convert their entire relationship into that of vendor and purchaser, but,was a waiver of the necessity to first obtain its consent only for such articles, not for those remaining with Levin.
The arrangement between plaintiff and Levin was to provide immediate delivery of any article Levin wished to purchase. To that end the articles were deposited or warehoused with Levin,' just as they might have been deposited or stored with a third party for delivery to Levin for cash on delivery.
LSA-C.C. Art. 2439 defines a sale as follows:
“The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to-wit: the thing sold, the price and the consent.”
As stated in Winru Chemical & Sales Co. v. Collier, La.App., 73 So.2d 9, 12, “It is well established that contracts of ‘sale or return’ or ‘consignment’ are dependent upon the intention of the parties and on the real nature of the transactions.”
Both appellee and appellant cite the cases of William Frantz & Co. v. Fink, 125 La. 1013, 52 So. 131; and William Frantz & Co. v. J. S. Winehill & Co., 124 La. 680, 50 So. 650.
The cited cases differ from the case at bar since, in the former third parties dealing with the consignor, ostensible owner, were involved. Here the original parties only are involved. In the case of C. V. *720 Hill & Co. v. Interstate Electric Co. of Shreveport, 196 So. 396, 399, the Second Circuit Court of Appeal (writ of cer-tiorari denied by Supreme Court) in commenting on William Frantz & Co. v. Fink, supra, said:
“Our appreciation of the holding of the court in that case is, — where the owner entrusts his merchandise to the possession of a merchant, artisan or trader engaged in the business of selling a like kind of merchandise for the purpose of sale and an innocent third party purchases the merchandise in the usual course of business and pays for it, the true owner of the merchandise cannot recover it from the purchaser because the merchant, artisan or trader fails to pay the money over to it. He is estopped, regardless of the secret agreement between the owner and the merchant, artisan or trader. On the other hand, if the purchaser has knowledge of the agreement between the owner and the one offering the goods for sale, or if circumstances are such as to arouse the suspicions of a reasonable man as to the true ownership of the goods, the purchaser takes them at his own peril, and if the merchant, artisan or trader fails to pay the true owner for the goods, the owner may recover them from the purchaser.”
In the case of C. V. Hill & Co. v. Interstate Electric Co., supra, the relationship between the parties on facts identical with those obtaining here, the Court held that the relationship between the parties was that of “consignor and consignee”. To the same effect see Bourg v. Lopez, 36 La.Ann. 439.
Counsel for plaintiff aptly epitomized plaintiff’s attitude towards Levin as an expression of confidence in his integrity but not his solvency. Levin’s bankruptcy vindicated plaintiffs judgment.
Had the bottom fallen out of the diamond and jewelry market while Levin had possession of the unsold articles, plaintiff could not have been heard to demand payment of the list prices for such articles, but would have had to accept their return.
The judgment of the District Court is affirmed.
Affirmed.