Martin, J.
I concur with the opinion which judge Mathews is about reading.
Mathews, J.
In this suit, the subject of controversy between the parties, is the location of two several orders of survey, granted by the Spanish government, and confirmed by the land commissioners of the united states.
The order, under which the plaintiff claims, *417 purports to grant land in the post of Rapides, (as it was termed by that government) and that of the defendants in the post of Oppelousas.
The line of division between these two posts, seems never to have been established; by an act of any competent authority, referring to an actual survey, natural boundary, or degree of latitude or longitude. This want of certainty, in the relative extent of these divisions of the country, creates the first difficulty in the decision of the present case.
On the part of the plaintiff, it is shewn that the local authorities of the Spanish government, those of the late territorial government of the united states, and the late superior court, have claimed and exercised jurisdiction in the parish or county of Rapides, to a point beyond the tract of land in dispute, viz. a place now called Ray’s ferry, on bayou Beuf. These facts shew that the southern or south-eastern limits of the division of country, denominated Rapides, did extend to the last mentioned place, at least de facto; and as it is not shewn, that those who considered it to have that extent erred, by assuming limits contrary to right, I am of opinion, that as it relates to this suit, Ray's ferry must he recognised as the limit of the post of Rapides.
*418 The limits established by the surveyor and commissioners of the united states, relied on by the defendants, were no doubt fixed with the best intentions to quiet land claims, and suppress litigation, but cannot certainly be received in opposition to individual rights, having a previous existence.
The defendants and appellants also rely on a survey made by one Hazzard, the plat of which seems never to have been returned to the office of the principal deputy surveyor. It is older in date than that exhibited by the plaintiff, but I am of opinion that it cannot affect his claim; as from its not having been returned to the proper office, third persons were not bound by it.
The case then rests on the original orders of survey, their execution, return to the proper office, and legality of location. That of the plaintiff is prior, both in execution and return. It has been located on land, as I believe, within the limits of the former post of Rapides (at all events de facto) and ought in all respects to be preferred to that of the defendants, because it is laid on land, according with the order of the Spanish government, and consequently gives a better title than that exhibited by the defendants.
The plaintiff in propriâ personâ, Wilson for She defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.