*Margin note:* JETER v. DESLONDES.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## JOSEPH WILSON v. GEORGE L. BROOM.

A merchant in New Orleans instructed his agent in Thomaston to ship him lime at a certain limited price. The agent accordingly made a shipment on the 25th of October, and gave advice of it, by letter dated 31st of the same month. The vessel did not leave until the 3d of November. When the vessel arrived in New Orleans, the merchant refused to take the lime, upon the ground that he had not been duly apprised of the shipment: *Held*: That the advice was duly given, and that the merchant was bound for the loss which occurred in a sale made in consequence of his refusal to accept the shipment.

Where a party has contracted for a certain article at a fixed price, and improperly refuses to accept the article when offered to be delivered to him, he is liable for the loss sustained in a sale of the article. That loss will be the difference between the price agreed upon and the amount of the sale; and the amount of the loss may be fairly ascertained by a private sale at the market price of the article.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *John Winthrop*, for plaintiff. *D. N Hennen*, for defendant. The judgment of the court *(Slidell*, J., dissenting,) was pronounced by

PRESTON, J. On the 19th of September, 1848, *Samuel Broom*, a merchant of New Orleans, being in New York, addressed a letter to *William R. Keith*, of Thomaston, which, after some remarks on the lime trade between that place and New Orleans, contained the following clause: "If you could manage with the captains to deliver lime at New Orleans for $1 05, payable on delivery there, and no cargo to exceed 1500 barrels, and always confine it to 1000 when you can possibly do so, you might then exercise your own judgment, and operate for

WILSON
*v.*
BROOM.

more or less number of cargoes as circumstances would warrant. For my account, $1 05 must include your commissions and all other charges, and payable when delivered in New Orleans."

On the 2d of October, 1848, *Mr. Keith* acknowledged ther eceipt of the letter, and stated that he was trying to agree for a few cargoes to leave a month hence. On the 25th of October, 1848, he shipped at Thomaston a cargo of 1441 barrels of lime on the plaintiff's vessel, for which the captain gave a bill of lading, engaging to deliver it to *Samuel Broom* in New Orleans for $1 05 a barrel, free of charges. On the arrival of the lime in this port, *Broom* endorsed on the bill of lading, "cargo not received," and refused to receive it on the ground that *Keith* had not complied with his instructions. In a letter to *Keith*, dated the 13th of November, 1848, he stated, as his reason for not receiving the cargo, that *Keith* had not advised him at the time of engaging the cargo of his having done so, and that he enclosed the bills of lading, dated the 25th of October, only on the 31st of that month.

It is not shown when the cargo was purchased, and is therefore to be presumed about the time of shipping it, and although the bills of lading were filled up the 25th of October, the vessel did not sail until the 3d of November. No unreasonable delay in giving notice of the engagement of the cargo is proved, and the bills of lading were transmitted several days before the vessel sailed, and were received, no doubt, before her arrival in New Orleans. No violation of express instructions are proved; no negligence as to such as might be implied; and no damage was caused to the defendant by the acts of his agent, *Keith*, much less by those of the plaintiff.

The defendant only countermanded his order for the cargo of lime by a letter dated at New Orleans, on the 29th of October, which could not have been received at Thomaston until after the vessel had sailed on the 3d of November. He therefore took the risk of the market. Had it proved favorable, no one can doubt that he would have received the cargo; and if the master had sold it at a profit, could have recovered the amount. He must therefore bear the loss. It is proved that the master, after putting him in default, sold the cargo at the market price, and that there was a loss of $533 17.

In the case of *White* v. *Kearney et al.* 2d Ann. *639*, it was held that the loss or gain in such a case was fairly ascertained by a private sale at the market price of the article.

It is therefore decreed, that the judgment of the district court be reversed; and that the plaintiff recover from the defendant five hundred and thirty-three dollars and seventeen cents, with legal interest from the 9th of May, 1850, the judicial demand, and costs in both courts.