## JUDD LINSEED AND SPERM OIL COMPANY v. ALFRED KEARNEY.

Where the buyer refuses to accept goods, the seller is not obliged to let them perish on his hands, and run the risk of the solvency of the buyer.

Where the vendor, however, buys the goods offered for sale, or any part thereof, either directly or indirectly, or where, by an arrangement made by him or his agents, competition at the sale of the goods is prevented, he thereby forfeits his right to recover the deficiency in the amount of the sales.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*Durant & Hornor*, for plaintiffs and appellants. *Geo. L. Bright*, for defendant and appellee.

LAND, J. The defendant purchased from the plaintiffs one hundred and fifty barrels of oil, to be forwarded from New York, in shipments of thirty barrels each, at the price of seventy-eight cents per gallon, payable three days after the arrival of the vessels at this port.

The defendant paid for, and received the first shipment of thirty barrels, but failed to pay for the remaining shipments, amounting in the aggregate, to one hundred and twenty barrels.

The agents of the plaintiffs, *Vredenburg & Co.*, in this city, refused to deliver to the defendant the 120 barrels of oil, without a previous payment of the price, and after notice to the defendant, caused the oil to be sold at public auction. At the sale, the oil was adjudicated to *L. L. Smith*, of the the firm of *Smith, Cooper & Co.*, at the price of fifty-five and five-eights cents per gallon.

This suit is brought to recover the sum of fourteen hundred and sixty-two 9-100 dollars, the difference between the invoice price, and that at auction.

It has been held, that if the buyer refuses to accept of the articles sold, the seller is not obliged to let them perish on his hands, and run the risk of the solvency of the buyer. And that, on the neglect or refusal of the buyer to come, in a reasonable time, after notice, and pay for, and take the goods, the vender has the right to sell the same at auction, and to hold the buyer responsible for the deficiency in the amount of sales. *White* v. *Kearny*, 9 R. 501. And it was also held, in the same case, reported in 2d An. p. 641, that when by the breach of the contract, the merchandise was thrown upon the plaintiffs hands, *he became the trustee* of the defendants to manage it, *in good faith*, and with reasonable diligence. The plaintiffs, therefore, have a right to recover, unless that right has been lost or forfeited.

The defendant contends that the sale at auction, was an *absolute nullity*, or at

least deprived the plaintiffs of their right *to recover from him the difference* between the purchase price, and the price at the auction sale.

The evidence discloses the facts, that *Mr. Smith* purchased the one hundred and twenty barrels of oil, upon an understanding with *Mr. Vredenburg*, the agent of the plaintiffs, that if he, *Smith*, should want thirty barrels, he should have them. He says in his testimony, " previous to the sale, *Mr. Vredenburg* came to me and wanted me to buy the whole of the oil, provided it was sold under a certain price. I objected to this, because I wanted to buy a part for my own account. *Mr. Vredenburg* appeared so anxious that I should buy the whole that I consented, and we compromised about it; the understanding was, that if I wanted thirty barrels I should have them."

It also appears from the testimony of this witness, that he received thirty barrels, and the remainder was received by *Vredenburg & Co.*, by virtue of the sale at auction.

The testimony of *Vredenburg* shows, that the purchase of the oil by him, was ratified by the plaintiffs, as a purchase on their own account.

Upon the principle, that the plaintiffs *were the agents of the defendant in the sale of the oil*, they were without capacity to purchase the whole, or any part of it, either directly or indirectly, and having violated the legal relation existing between themselves and the defendant, they may be justly held to have forfeited their right to a recovery in this action.

The evidence shows, that *Vredenburg & Co.*, were willing to give sixty-two and one-half cents per gallon for the oil, and having, by an arrangement with *Smith*, purchased it for 55⅜ cents per gallon for account of plaintiffs, it is evident that they have not acted toward the defendant with that care and diligence which the law requires at the hands of every agent or mandatary.

We, therefore, hold, *in a case like this*, wherein the vendor buys the goods offered for sale, or any part thereof, either directly or indirectly, or wherein, by an arrangement made by him, or his agents, competition at the sale of the goods is prevented, that he thereby forfeits his right to recover the deficiency in the amount of the sales.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.