(88 South. 916)

No. 24513.

## H. T. COTTAM & CO. v. MOISES.

### In re MOISES.

(May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Sales ☞76—Seller can recover market value when there is no stipulation as to price.**

Where plaintiff shipped to defendant merchandise ordered by him, no stipulation being made as to the price, plaintiff was entitled to recover the market values at the time of shipment.

2. **Sales ☞81(2)—Reasonable time understood when time for delivery not specified.**

When one ordering goods specifies no time for delivery, a reasonable time is understood.

3. **Sales ☞150(3)—Delay in shipment held not unreasonable.**

Where defendant ordered goods of plaintiffs, to be shipped from New Orleans to Central America, and some delay in shipment was caused in acquiring knowledge of defendant's credit and by difficulty in obtaining some of the goods, a delay of 27 days was not unreasonable, in the absence of any specified time for delivery.

4. **Sales ☞62—Failure to ship all goods ordered held not to excuse buyer from paying for those shipped.**

Where some of the unrelated goods ordered by a buyer could not be found on the market, and the vessel had not sufficient space for others, the buyer was not excused by the failure to ship such goods from paying for those shipped; the seller not having been instructed to ship all or none of the goods.

5. **Sales ☞332—Failure, without valid cause shown, to accept goods ordered, entitles seller to resell and hold buyer for loss.**

Where one ordering goods without just cause refused to accept them, the vendor, after

reasonable notice to the vendee, might sell the goods to best advantage at auction or at private sale, and hold the vendee for the difference in price, under Civ. Code, arts. 2555 and 2565, and it was immaterial that the vendor ordered the goods sold for its credit instead of for the account of the vendee.

6. **Sales ☞384(7)—Seller's measure of damages held to be actual loss sustained by resale.**

A seller who resold the goods upon the buyer's refusal to accept them, after notice to the buyer, was not entitled to recover damages for the buyer's breach of contract other than the loss on the resale.

O'Niell, J., dissenting in part.

Certiorari to Court of Appeal, Parish of Orleans.

Action by H. T. Cottam & Co. against Abraham, or Abram, Moises. A judgment for plaintiff was reversed by the Court of Appeal, and judgment ordered for plaintiff for a less amount, and defendant applies for certiorari or writ of review. Affirmed.

E. A. O'Sullivan and J. M. Quintero, both of New Orleans, for applicant.

Dart, Kernan & Dart, of New Orleans, for respondent.

PROVOSTY, J. Upon examination of this case in the light of all the facts, we find the judgment of the Court of Appeal to be correct. It is as follows:

"Plaintiffs sold defendant a lot of merchandise; defendant refused to accept delivery of it; plaintiffs sold it at a price less than the price for which they sold to defendant, and now sue defendant to recover the difference.

"Plaintiffs alleged that between June 3 and June 25, 1919, they sold to the defendant certain merchandise and incurred certain charges detailed in the itemized statement annexed, for which a charge of $1,366.78 was made; that the merchandise sold was put on board a steamship at New Orleans consigned to the defendant at La Ceiba, Honduras; that without any legal cause the defendant refused to accept delivery of the merchandise when it arrived at Honduras; that the plaintiffs notified the defendant that unless he received said merchandise they would dispose of the same and hold

him liable for any loss; that defendant still persisted in refusing to receive said merchandise; whereupon they were compelled to have it delivered to C. J. Warren & Co., at La Ceiba, at a loss of $275.60, as follows:

Discounts' and rebates......................... $202 11
Loss on perishables............................   73 49
                                              ----------
    Total ...................................... $275 60

"That in addition to said loss plaintiffs are entitled to $300 damages for breach of contract. Plaintiffs prayed for judgment for $575.60.

"The defendant answered, admitting that he had ordered the merchandise, but denying any indebtedness, and for defense averred:

"(1) That no price had been agreed on.

"(2) Great delay in shipping the merchandise.

"(3) That the price put upon the merchandise was excessive.

"(4) That all the merchandise ordered was not shipped, but only part thereof.

"(5) That the plaintiffs instructed him to turn over the merchandise to Warren & Co. in order that they might sell the same for the account of the plaintiffs, which was done, and the proceeds remitted to plaintiffs.

"There was judgment for defendant, and plaintiffs have appealed.

"We shall examine each ground of defense separately.

"[1] I. It is immaterial that no price was agreed upon. When goods are ordered from a merchant without any stipulation as to price, he has a right to recover their market value. Helluin v. Minor, 12 La. Ann. 124, 125; Morris, Tasker & Co. v. Fleming, 21 La. Ann. 411; Phelan v. Wilson, 114 La. 823, 38 South. 570; Smith's Mercantile Law, p. 613.

"The testimony on behalf of plaintiffs is that the prices charged were based on 'market values at the time of the shipment.'

"[2, 3] II.[1] It cannot be said that there was any delay in shipping the goods, inasmuch as the orders for the same did not specify any time for shipment, nor on what boat. But, as a matter of fact, some delay was caused in acquiring knowledge of defendant's credit, and by the difficulty of obtaining some of the goods ordered, and the impossibility of procuring others. When no time is specified for delivery of goods, a reasonable time is understood. Wilson v. Broom, 6 La. Ann. 381; Pratt v. Craft, 19 La. Ann. 131; Bartley v. City of New Orleans, 30 La. Ann. 264; Thompson v. Woodruff Co., 7 Cold. (Tenn.) 401. The goods were ordered on June 3 and shipped at the end of June. No

reason is given why this time should be considered unreasonable.

"III. The testimony of plaintiffs is that the prices were based upon market values. There is no testimony to the contrary.

"[4] IV. All the merchandise was not shipped for two reasons. The first one was that some could not be found upon the market, and the second, that the vessel refused to take that which was not shipped because it had no more space. The plaintiffs were not instructed to ship all or none, and the merchandise had no connection with or relation to each other.

"[5] V. The rule of law is that, when a vendee refuses to accept delivery of the goods and pay the price, the vendor, after reasonable notice to vendee, may sell the goods to best advantage, at auction or at private sale, and hold the vendee for the difference in price. C. C. arts. 2555 (2533), 2565 (2543); Gilly v. Henry, 8 Mart. (O. S.) 402, 418, 13 Am. Dec. 291; Zoit v. Millaudon, 4 Mart. (N. S.) 473; White v. Kearney, 9 Rob. 495, 501; Hoffman v. Western Ins. Co., 1 La. Ann. 216; White v. Kearney, 2 La. Ann. 640; Wilson v. Broom, 6 La. Ann. 381; Benton v. Bidault, 6 La. Ann. 30; Foster v. Baer, 6 La. Ann. 442; Mackoy v. J. B. Holton & Co., 8 La. Ann. 48, 50; Richards v. Burke, 7 La. Ann. 243; Judd Linseed & Sperm Oil Co. v. Kearney, 14 La. Ann. 352; Bartley v. City of New Orleans, 30 La. Ann. 264; 35 Cyc. 519, 592; Acme Food Co. v. Older, 64 W. Va. 255, 61 S. E. 235, 17 L. R. A. (N. S.) 807; 2 Kent, p. 663, No. 495, p. 677, No. 504; 1 Sedgwick, Dam. p. 593, § 281.

"It is immaterial that the plaintiffs ordered the goods sold for their account instead of for the account of the defendant. In Bartley v. City, 30 La. Ann. 267, the court said:

"'As the city would not take the timber, he [plaintiff] had a right to sell it for his own account, and claim from the city as damages the losses sustained.'

"As the sale of the goods is only a method of determining the amount of damages, it is immaterial for whose account the sale is made. But it is more rational that it be made for account of the vendor, as he remains the owner of the goods and the price is to be paid to him. It would be a contradiction to say that the goods are sold for account of the purchaser, who has not paid the price, and who therefore was not the owner of the goods, and who was not to get the proceeds of the sale.

"[6] The loss in the sale of the goods is proved to be $275.60.

"We know of no law or precedent for claiming any other damages.

---

[1] O'Niell, J., dissents from this point.

"It is therefore ordered that the judgment of the district court be reversed and avoided; and it is now ordered that the plaintiffs, H. T. Cottam & Co., Inc., do have and recover judgment against the defendant, Abraham, or Abram, Moises, for the sum of $275.60, with 5 per cent. per annum from September 24, 1919, till paid, and all costs of suit.

"Judgment reversed."

Judgment affirmed.

O'NIELL, J., dissents on the ground that the delay of 27 days was an unreasonable delay in shipping the goods.