No 7637

First Circuit

## THE ADLER EXPORT CO. v. EAGLE RICE & FEED MILLS, INC.

(January 9, 1929. Opinion and Decree.)
(February 13, 1929. Rehearing Refused.)

D. M. Ellison and Chappuis & Chappuis, of Crowley, attorneys for plaintiff, appellant.

W. J. Carmouche, of Crowley, attorney for defendant, appellant.

ELLIOTT, J. The Adler Export Company, of which Karl Adler is sole proprietor, shipped from New Orleans a car of corn screenings under contract of sale to the Eagle Rice & Feed Mills, Inc., at Crowley, Louisiana. The shipment was composed of 560 bags, at the agreed price of $750.40, less $120.40 freight, making a net price of $630.00 due the shipper. The bill of lading allowed inspection at Crowley. The empty bags were to be returned to the shipper. The bill of lading bears date June 7, 1926, and the shipment reached Crowley June 9, 1926. The Railroad Company over whose line it was transported notified defendant by telephone of its arrival on the day it arrived. This notice was followed by a notice by postal card, addressed to the defendant and placed in the mail box at Crowley. The notice by postal card bears date June 10, 1926, but the agents of the railroad testify that it was written and mailed the previous day. The car was not placed on defendant's sidetrack, opened and inspected, however, until June 15, 1926. When it was opened it was discovered that the screenings were hot; upon which defendant contended that they were not in good condition. Negotiations between plaintiff and defendant immediately ensued. The defendant agreed to accept the shipment if allowed 10 per cent off the price, and in addition, the bags. The

plaintiff declined this offer. An officer of the defendant testifies that defendant then agreed to accept the screenings if allowed to keep the bags, but the plaintiff's agent through whom the offers were made testifies that defendant did not make this last named offer. At any rate there was no agreement. The plaintiff caused the screenings to be sold at auction in order to minimize the loss. At this auction which was made by plaintiffs' agent at Crowley, the plaintiff was the only bidder. He bid in the screenings at $25.00 and almost immediately thereafter re-sold them to the Lake Charles Feed Company for $560.00.

The plaintiff takes the position that the screenings were not injured at the time the defendant refused to receive them, and that its refusal was unjust and wrongful. That the resale of the screenings was necessary and was done in order to minimize the loss. That having pursued the proper course he is entitled to recover of the defendant the purchase price and all the loss and damages which he sustained as a result of defendant's refusal to accept the shipment.

The defendant alleges and contends that the screenings were hot and in bad condition at the time of inspection, and justifies its refusal; but claims in the alternative, that if its action was erroneous, it should have credit for the proceeds for which the shipment was resold to the Lake Charles Feed Company.

The District Judge rendered judgment in favor of the plaintiff as prayed for, except that defendant's alternative prayer that it have credit for the proceeds received in the resale to the Lake Charles Feed Company, was allowed.

Both sides have appealed.

The evidence shows that the car of screenings was started from New Orleans to Crowley on June 7th and reached there on June 9, 1926. The evidence is reasonably sure that the railroad company notified defendant that the car had arrived, on the day of its arrival; but it is not so clear that the railroad company further notified defendant on the same day by postal card. But if the notice by postal card was not sent out on the 9th it was sent on the next day, the 10th. There was timely notice over the phone and by postal card that the car had arrived. The screenings left New Orleans on June 7th in good condition, but when the car was opened at Crowley on the 15th of June they were hot. This heat was no doubt due to the delay in opening the car.

We have resolved the dispute between the railroad company and the defendant, as to when the defendant requested the railroad company to place the car on its sidetrack, in favor of the plaintiff, and find that the delay in the matter of placing the car was due to defendant's neglect to timely make a request of the railroad company that the car be spotted. The heat was therefore the result of defendant's fault and negligent delay in having the car placed and in opening and inspecting it after its arrival in Crowley. The evidence further shows that the screenings, although hot when the car was opened, were not injured and should have been accepted. Defendants, having refused to accept, it was the duty of the plaintiff, under the law, to take proper steps to minimize the loss. The course he pursued was the proper one under our law and jurisprudence on the subject. Civil Code, Arts. 2549, et seq.; Gilley vs. Henry, 8 Mart. (O. S.) 402, 13 Am. Dec. 291; White vs. Kearney, 9 Rob. 495; White vs. Kearney, 2 La. Ann. 639; Judd Linseed and Sperm Oil Co. vs. Kearney, 14 La. Ann. 352;

H. T. Cottam & Co. vs. Moises, 149 La. 305, 88 So. 916. These cases are cited in plaintiff's brief, and in them others are cited to the same effect.

The shipment "subject to inspection," left it open for acceptance. Plaintiff's right to resell was brought about by dedefendant's refusal to accept; and plaintiff having resold them for $560.00, we think the price received must be credited to the defendant, as was done in the lower court.

The defendant was properly charged with all the loss and damage sustained by the plaintiff. There is no dispute about these items; we therefore find no error in the judgment appealed from.

Judgment affirmed. Eagle Rice & Feed Mills, Inc., to pay all costs in both courts.