## LEON GODCHAUX CLOTHING CO. v. DE BUYS

——

(February 11, 1929. Opinion and Decree.)
(April 15, 1929. Rehearing Refused.)

——

Deutsch and Kerrigan, and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellee.

Delvaille H. Theard, of New Orleans, attorney for defendant, appellant.

JONES, J. This is an attachment suit brought on January 5, 1928, against defendant, alleged to be a resident of. the city of Los Angeles, for the sum of $169.68, the unpaid purchase price of two dresses sold and delivered by plaintiff to defendant. The itemized account attached to plaintiff's petition and made a part thereof reads as follows:

May 2/27  1 Dress  _____99.50
          1 Dress  _____69.50
          Postage & Ins_____ .68  169.68

A curator ad hoc was appointed to represent the absent defendant and a writ of attachment issued and interrogatories were duly served on Stafford, Derbes & Roy, Inc., a local real estate firm. It answered that it did not know the defendant, but that it had sold on the 15th day of January, 1926, to defendant, 104 lots of ground in the Parish of Jefferson for the sum of $8,112 and had received a cash payment of $1,100 with mortgage notes for the balance. Defendant had, since that time, made an additional payment of $1,500, leaving a balance due of $5,181, with interest.

The curator ad hoc filed an answer on January 14th, denying the allegations on information and belief.

On March 1, 1928, the defendant filed exceptions to the citation and to the attachment, which exceptions were overruled, and later, on April 4, 1928, defendant answered denying the allegations of plaintiff's petition specifically.

There was judgment for plaintiff as prayed, recognizing plaintiff's lien, and ordering that the property held by the garnishee be sold and petitioner's· claim be paid by preference out of the proceeds.

Defendant has appealed to this Court.

The evidence shows that on May 2, 1927, defendant, after trying on several dresses at plaintiff's store without satisfaction, ordered the two dresses the price of which is herein claimed, to be sent down from New York City. Though defendant was

told at the time that it would take two or three weeks to make delivery of the dresses, she insisted on ordering them. Accordingly the order was at once telegraphed by plaintiff to the manufacturing firm with which it did business in New York, and shortly thereafter the order was confirmed by letter. In about three weeks the dresses were received by plaintiff in this city, and an unsuccessful attempt was made to deliver them at the residence which defendant had given in this city. On the next day the woman who had sold the dresses telephoned defendant's alleged residence and was told that defendant had left for Los Angeles. Thereupon plaintiff secured defendant's address in Los Angeles and sent the dresses to her in that city by parcel post C.O.D. They were refused and were returned to New Orleans. After an exchange of letters between plaintiff and defendant, plaintiff sent the dresses parcel post C.O.D. again to defendant in Los Angeles, but they were again refused. After another unsuccessful attempt had been made to deliver them in this city, this suit was filed.

Plaintiff's manager testifies that the dresses conformed in all respects to the order.

In this court defendant argues vehemently that plaintiff has not followed the right procedure. The dresses, she contends, should have been sold and defendant should then have been sued for the loss occasioned by her breach of the contract. In support of this contention he cites articles R. C. C. 1934 and 2555, H. T. Cottam & Co. vs. Moises, 149 La. 305, 88 So. 916, and many other decisions of the appellate courts of this state.

It is thus seen that defendant contends that the sole remedy of a seller, where the buyer refuses to take delivery of movable goods, is a suit for damages after selling the goods. Such a contention is not sustained by the authorities. The case most relied on by defendant is that of H. T. Cottam & Co. vs. Moises, supra, where merchandise had been sold by the grocery firm of Cottam Company to purchasers in South America, in which the Supreme court held that the seller may sell the goods at auction or at private sale, and then sue for the balance. All the other decisions are in cases where sales had been made and damages sued for, but not one of them sustains his contention that the sole remedy is a suit for damages after sale of the article. Such is not the law of Louisiana.

If the vendee refuses to accept delivery, the vendor becomes the "negotiorum gestor" of the vendee and must administer the thing sold like a good administrator. If the thing sold is of a perishable nature, he must sell it within a reasonable time and credit the vendee with the proceeds of sale and sue for the balance of the price. But if the thing sold is not perishable, he may pursue one of two courses in order to minimize the loss on both sides; either sell it or hold it, and take reasonable care of it. Gilly et al. vs. Henry, 8 Mart. (O. S.) 416, 13 Am. Dec. 291; White vs. Kearney, 9 Rob. 495; Id., 2 La. Ann. 639; Benton vs. Bidault, 6 La. Ann. 30; Judd Oil Co. vs. Kennedy, 14 La. Ann. 352; Pothier's "Contract of Sale," Section 280. But the course above indicated fixes the amount of the vendor's claim only when he chooses to sue for damages. He may elect between one of these actions. When the vendee fails to accept delivery of the thing sold, the vendor, according to Louisiana law, may sue him for the price (R. C. C. 2549), or for the rescission of the

sale (R. C. C. 2561), or for damages (R. C. C. 2555).

R. C. C. 1799. It is a presumption of law that in every contract each party has agreed·to confer on the other the right of judicially enforcing the performance of the agreement, unless the contrary be expressed, or may be implied.

R. C. C. 1926. On the breach of any obligation to do or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section.

R. C. C. 1927. In ordinary cases, the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts.

R. C. C. 2046. A resolutory condition is implied in all commutative contracts, to take effect, in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution, with damages, or, if the circumstances of the case permit, demand a specific performance.

R. C. C. 2549. The obligations of the buyer are: 1. To pay the price of sale. 2. To receive delivery of the thing and to remove it. If it be an object which requires removal, and to indemnify the seller for what he has expended in preserving it for him.

R. C. C. 2551. On failure of the buyer to pay the price, the seller may compel him to do it, by offering to deliver the thing to him, if that has not been already done.

It is only where the thing sold is perishable. that the law makes it the duty of the vendor to sell the thing, on the prin-ciple that the creditor must use every means to minimize his own loss and that of the debtor. In every other case, where the thing is not perishable, the right is optional with the creditor. In the present case the burden was on the defendant to prove that a sale for a reasonable price could have been effected by the plaintiff at private or at public sale, and within a reasonable time. The defense has offered no evidence on that point, and the presumption is it could not be done, since defendant's dresses had to be sent from New York.

The articles of our Code are taken almost literally from the Code Napoleon. The authors say that the duty of the vendor to sell or sue for specific performance is optional with vendor.

See Vol. XVII, G. Baudry-Lacantinerie et L. Saignat, pp. 525 and 526:

"Then if the buyer neglects to take delivery of the thing within the delay fixed, the sale is dissolved of right and without demand for the benefit of the vendor. The latter may, therefore, without recourse to the courts, and without putting the buyer in default, consider the sale as not having taken place, and dispose of the thing, while preserving the right to demand damages according to Article 1184 (R. C. C. 2046, 2047). But this is for him simply an option (a faculty), the sale is dissolved of right and to the advantage of the vendor, says Article 1657: the latter may, therefore, if he prefers it, require, by the rules of law, the execution of the contact which is perhaps advantageous to him."

Such was the interpretation given to R. C. C. Art. 2551 by this Court on rehearing in the case of L'Hote vs. Dugue, 2 Orleans App., 308, where the plaintiff obtained judgment against the defendant for the price of lumber, delivery of which the defendant refused to accept, or to pay for.

The last expression of the Supreme Court on this point is found in the very recent case of Mutual Rice Company of La. vs. Star Bottling Works, 163 La. 159, 111 So. 661. In the last paragraph of its decision, the Court uses the following words:

"It is argued on behalf of appellant that, according to articles 2551, 2556 and 2462 of the Civil Code, when a buyer breaches the contract of sale, the seller has the option either to resell the property and bring an action in damages for the difference between the contract price and the price actually received, or to demand specific performance by tendering the property at the stipulated time and place of delivery and suing for the contract price. The right to demand specific performance in such cases is not appropriate to a sale of merchantable goods, like sugar, which is quoted every day on the commercial exchanges throughout the world because in such case it is the duty of the seller to lighten his loss or avoid it altogether if possible—by selling the goods 'on the open market as soon as practicable after the contract has been breached."

The Court here distinctly recognizes that the seller has the option either to re-sell the property and bring as action in damages for loss, or to demand specific performance. In this case the plaintiff has exercised the option of suing for specific performance after it had taken every possible step to comply with its contract, and defendant had prevented it from doing so.

For above reasons the judgment appealed from is affirmed.