No. 3149

Second Circuit

SHUSHAN BROS. & CO., INC., v. VILENSKY

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

M. W. Feist, of Shreveport, attorney for plaintiff, appellant.

Dickson & Denny, of Shreveport, attorneys for defendant, appellee.

WEBB, J. Plaintiff, a wholesale dealer in dry goods, through one of its salesmen, obtained on or about April 16, 1926, an order from defendant for merchandise, amounting to $699.65.

A shipment amounting to $99 was made under the order on June 14, 1926, and, on receipt of same, defendant, after examining the goods, returned the shipment to plaintiff, and wrote plaintiff, advising it that the goods were not of the quality which he had ordered, and stating that, if the balance of the order would be the same, for plaintiff to cancel the order. On receipt of defendant's letter, plaintiff replied, stating that the goods shipped were as ordered by defendant, and that it was going to ship the goods ordered by the defendant, and defendant then wrote plaintiff to cancel the order, and that he would not accept any shipments thereunder.

In reply, plaintiff advised defendant that, as an accommodation to him, and in order to avoid any unnecessary correspondence, it would take back the shipment which had been returned by defendant, but that it would not cancel the order. There was not any further correspondence between the parties until about August 10, 1926, when plaintiff, being advised by the rail-road company that a shipment which it had made to defendant on August 5, 1926, had been refused, wrote defendant urging that he accept the shipment, and that it expected to hold him under the contract, to which defendant replied, referring plaintiff to his letter, in which he had advised it that he had canceled the order, and would not accept any shipment thereon.

Plaintiff then ordered the shipment returned to it, and defendant was advised that, in order to minimize the damage, plaintiff would sell the merchandise, included in the shipment of date August 5th, and that which had not been shipped, for the account of defendant, and thereupon all of the merchandise ordered, with the exception of the articles included in the shipment of June 14th, was sold at private sale at a price which was $300.65 less than the contract price; and the present suit was instituted to recover judgment against defendant for that amount.

Defendant denied that he was indebted to plaintiff in any amount, and, while admitting that an order for merchandise had been returned to plaintiff, he pleaded that the contract had been breached by plaintiff in making the shipment of date June 14th of goods which were not of the quality purchased, and, further, that plaintiff had not offered to furnish all of the goods ordered, and alleged that he had been damaged, and set up a reconventional demand, in support of which there was not any evidence offered.

On trial, plaintiff's demands were rejected, and it appeals; and the only questions presented here are whether or not the plaintiff breached the contract and gave defendant the right to cancel, and if not, whether or not the evidence was sufficient to warrant any recovery of damages, and we considered the questions presented in the order stated.

The original order for the merchandise was not offered in evidence, and a copy of the order was introduced, which shows that the order comprehended a number of articles at a fixed price, the aggregate, $699.65; but neither the instrument nor the evidence shows when the merchandise was to be shipped or the terms or period of payment, and the record indicates it was understood that the merchandise would not be shipped at one time, but that it would all be shipped prior to the fall season. But, conceding that the contract was not divisible, and the refusal of the plaintiff to ship any part of the merchandise would have been a breach of the contract, we do not think the evidence established that there was any refusal by plaintiff to ship any part of the merchandise.

The correspondence between the parties should be considered from a practical point of view. Conceding that the merchandise shipped on June 14th was not of the quality ordered, the evidence, as stated, does not show that it was understood that any part of the goods would be shipped on that date, nor does it indicate that defendant at that time was in need of the goods; and, unless it may be said that, when the plaintiff consented to the shipment being returned, it should be implied that it refused to make any other shipment of the merchandise which was comprised in that shipment, plaintiff should not be held to have breached the contract.

Certainly plaintiff did not expressly refuse to comply with its engagement, and, as we read the correspondence, it clearly shows that plaintiff was, in view of the attitude of defendant, willing to cancel the order to a limited extent, and there is nothing in the record to indicate that defendant thought to the contrary, and we do not think that defendant has shown any

right to cancel the order as a whole, and the only question remaining to be considered is whether or not the evidence established that plaintiff had sustained any damage by reason of the refusal of defendant to comply with his agreement.

It is argued here that the plaintiff, having based his claim for damages on the difference between the contract price and the market price as fixed by the sale, cannot recover. It being urged that plaintiff was entitled only to damages equal to the profits which he would have realized had he been permitted to carry out his contract, and that there is not any evidence as to what his profits would have been. Defendant cites Hart vs. Tremont Lumber Co., 131 La. 847, 60 So. 368, in support of the position.

The question considered in that case related to the measure of damages for the breach of a contract for hauling timber, and is not applicable to the present case. The measure of damages for the breach of an executory contract of sale of movables by the buyer is the difference between the contract price and the market price (H. T. Cottam & Co. vs. Moises, 149 La. 305, 88 So. 916, and decisions cited; Mutual Rice Co. vs. Star Bottling Works, 163 La. 159, 111 So. 661, and decisions cited), and the authorities cited also show that the method pursued by the plaintiff in order to ascertain the market price is well recognized in this state.

And we are of the opinion that judgment should have been rendered in favor of plaintiff for the amount claimed. It is therefore ordered that the judgment appealed from be avoided and reversed, and that plaintiff, Shushan Bros. & Co., Inc., have and recover judgment against defendant, D. L. Vilensky, in the sum of $300.65 from judicial demand, and all costs of suit.