DOMENGEAUX, Judge.
This action was instituted by plaintiff-ap-pellee, Terry Lowry, for the return of $2,000.00 he deposited with defendant-appellant, Decks and Tapes, Inc., in connection with the purchase of a new bedroom suite. In answer to plaintiff’s petition defendant prays that plaintiff’s suit be dismissed with prejudice at plaintiff’s costs. The case was submitted to the trial court on the basis of the deposition of plaintiff, and the affidavit of Brad Hamlet, manager of Decks and Tapes, Inc. Based on these documents, the trial judge found in favor of plaintiff and against defendant, and ordered defendant to return to plaintiff his $2,000.00 deposit with legal interest thereon. From this adverse judgment defendant appeals.
The trial judge in his written reasons made the following determinations of fact, which pertinent parts we adopt as our own:
“On October 18, 1979, the Plaintiff, Terry Lowry, ordered a bedroom suite from the Defendant, Decks & Tapes, Inc., for the price of $2,503.33. The Plaintiff selected the bedroom suite from a catalog. He understood that the Defendant did not have the bedroom suite in stock and would have to order it from the manufacturer. Lowry gave Brad Ham-lett, manager of the Decks & Tapes store in Lake Charles, a deposit of $1,000.00, and Hamlet ordered the bedroom suite from the manufacturer, Latin Industries, Inc., of Pomona, California, on the same day — October 18.
Lowry understood that it would take six to eight weeks for the bedroom suite to be delivered to the Decks & Tapes store in Lake Charles. All of the components of the bedroom suite were received by Decks & Tapes during the first week of December, 1979.
As soon as all of the components were received, Hamlett telephoned Lowry and advised him that the bedroom suite had arrived. The Plaintiff went to the Decks & Tapes store and paid Hamlett an additional deposit of $1,000.00. Hamlett then helped Lowry move the crates containing the bedroom suite to the Plaintiff’s mother’s home.
Upon uncrating the bedroom suite, Lowry discovered that all but one of the items of furniture had been damaged in shipment. He telephoned Hamlett at the Decks & Tapes store the following day and informed him of the damage to the furniture. Hamlett inspected the bedroom suite at the Plaintiff’s mother’s home and found that it had indeed been damaged in shipment.
Lowry and Hamlett spent several days investigating the possibility of having the damaged items repaired by someone in the Lake Charles area. During the second or third week of December, 1979, after it had become apparent that the damaged items could not be satisfactorily repaired by anyone in the Lake Charles area, Lowry asked Hamlett to order replacements for the damaged items from the manufacturer. Hamlett agreed to do so, and ordered the replacements. The Plaintiff retained the undamaged components — the bottom of the high chest and a water-bed heater — and returned the *634 damaged furniture to the Decks & Tapes store.
Hamlett received replacements for the damaged items in separate shipments that arrived at the Decks & Tapes store during the latter part of January and in February, 1980. Sometime in February,[1] Lowry told Hamlett that he no longer wanted the bedroom suite and wanted his deposit back. Hamlett informed the Plaintiff that the last two replacement items had already been shipped and should be arriving in Lake Charles any day.
Lowry refused to accept delivery of the bedroom suite and again asked that his deposit be returned. Hamlett offered to return the deposit when and if Decks & Tapes could find another purchaser for the bedroom suite. Apparently, the Plaintiff was not satisfied with Hamlett’s proposal, since this suit was filed on April 17,1980.” (Emphasis and footnote added by Court of Appeal).
The issues presented on appeal are:
(1) Whether or not the trial judge erred in basing his decisions upon equitable considerations rather than positive written law; and
(2) Whether or not plaintiff was at liberty to withdraw from his contract with defendant “sometime in February”.
The trial judge in a written opinion found for the plaintiff for reasons stated as follows:
“... While this court can appreciate the arguments of both parties concerned and can certainly understand that both parties did all within their power to accommodate the other, this court feels compelled to avail itself of the all-encompassing articles pertaining to equity and the cases relating thereto.
It is the court’s finding in favor of the Plaintiff, who never received all of the merchandise in proper working order and against the Defendant who has the merchandise in his possession, and may sell it for retail value which probably today exceeds that of the price quoted at the time of sale.”
It is well settled that Louisiana courts may base the decision of civil matters on equitable considerations only when positive law is silent. La.C.C. Art. 21; Valien v. Prather, 348 So.2d 229 (La.App. 3rd Cir. 1977), writ denied 351 So.2d 515 Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974). In the instant suit, where plaintiff is seeking return of a deposit given on the sale of furniture because of untimely delivery, there is an abundance of express law covering this type of situation, and thus a cause of action based on equity cannot be relied upon. La. C.C. Arts. 2477, et seq.
The next question is whether or not in February of 1980 plaintiff was at liberty to withdraw from his contract pursuant to La. C.C. Art. 2485. We think not.
Every sales contract which is silent as to time of performance implies an obligation to deliver within a reasonable time. Failure to deliver within a reasonable time gives the buyer the option of cancelling the sale. La.C.C. Art. 2485. What is a reasonable time is to be determined by the particular circumstances surrounding the particular sale. See H. T. Cottam & Co. v. Moises, 149 La. 305, 88 So. 916 (1921); Morvant v. Russell & Clemmons, 11 So.2d 45 (La.App. 1st Cir. 1942).
Here, the initial sales order was placed on October 18, 1979. The parties both understood that it would take six to eight weeks for delivery. As soon as defendant received plaintiff’s order, plaintiff was notified, and the bedroom suite was delivered. Subsequently, around the third week of December, plaintiff and defendant agreed to reorder those pieces of furniture which were damaged in shipment. Plaintiff retained possession of those items which *635 were not damaged. No time for delivery of this second order was set. There was no further communications between plaintiff and defendant concerning a need for delivery up until “sometime in February” when plaintiff notified defendant that he no longer wanted the furniture. At this point defendant informed plaintiff that the remainder of his order had already been shipped from the manufacturer, and in fact it arrived at defendant’s door the very next day. There was no putting in default, and defendant was not given an opportunity to comply with any required delivery deadline.
Under these circumstances a delay between six to nine weeks from placement of the second order was not an unreasonable period of time; did not constitute a breach of the contract by defendant; and did not justify the plaintiff cancelling the contract. At the very least plaintiff should have anticipated a six to eight weeks delay for delivery of the re-ordered merchandise, i.e., the same delay expected from the initial order. Although the facts are not clear, the re-ordered merchandise arrived at defendant’s door anywhere between six to nine weeks after placement of this order, and even if we assume that it arrived in the ninth week after order, we still find that such a delay would not have been unreasonable considering all facts and circumstances surrounding this transaction.
There being a binding sales contract, accompanied by a tender of delivery of the re-ordered items sold by defendant within a reasonable time, defendant is entitled to enforce the contract and recover the unpaid balance of the agreed upon purchase price upon delivery of the remaining furniture.
Judgment is rendered herein in favor of defendant, Decks and Tapes, Inc., and against plaintiff, Terry Lowry, rejecting plaintiff’s demands and dismissing his suit with prejudice.
Costs at trial and on appeal are to be assessed against plaintiff-appellee, Terry Lowry.
REVERSED AND RENDERED.

. [By Court of Appeal] Neither the deposition of plaintiff nor the affidavit of defendant’s manager indicates when in February plaintiff informed defendant that he no longer wanted the ordered merchandise or when it actually arrived. Both agree, however, that the events took place in February of 1980.