AYMAR v. BLOOMINGDALE et al.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

CONTRACTS ☞282—PERFORMANCE TO SATISFACTION OF PARTY.

Where plaintiff paid for dental work, consisting mainly of bridge and crown work, under a promise by defendants to return the money if he should be dissatisfied, and plaintiff testified that after the work was performed it pained him constantly for six months, and he went to another dentist and had the work removed, which he produced in evidence, a judgment for defendants in action to recover the money paid will be reversed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1284–1289; Dec. Dig. ☞282.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ignatz J. Aymar against Samuel J. Bloomingdale and others. From a judgment for defendants, after trial by the court without a jury, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Hobart S. Bird, of New York City, for appellant.
Louis J. Schwartz, of New York City, for respondents.

LEHMAN, J. It is not disputed that the plaintiff paid for certain dental work under a promise by the defendants to return the money should he be "dissatisfied." The work consisted mainly in "bridge" and "crown" work. The plaintiff testified that after the work was performed it pained him continuously for six months, and he then went to another dentist and had the work performed in the defendants' store removed. He produced in court the work removed by the second dentist. Although the dentist who originally performed the work in the defendants' store was present and testified at the trial, he did not attempt to dispute the fact that the bridge and crown work done by him was actually removed from the plaintiff's mouth by another dentist. Nevertheless the trial justice gave judgment to the defendants.

The defendants do not contend that they are not bound to return the money paid if the plaintiff is personally dissatisfied, but they contend that the plaintiff has not shown that his dissatisfaction was real and not assumed. It seems to me that it is impossible to show dissatisfaction more unequivocally than by proof that, after dental work is performed by one dentist, the patient has submitted himself to the tender mercies of a second dentist and had the original work removed.

Judgment should be reversed, with $30 costs, and judgment ordered for the plaintiff for the sum of $34 and proper costs in the court below. All concur.