## WOLFE v. SAMPLE. *
### No. 14068.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

*Rehearing denied May 30, 1932.

Habans & Coleman and Abraham I. Kleinfeldt, all of New Orleans, for appellant.

Henry Bloch, of New Orleans, for appellee.

JANVIER, J.

Plaintiff, a dentist, seeks to recover from a former patient the balance which he claims is due under a contract in which he undertook to furnish a complete set of false teeth, consisting of both upper and lower dentures.

He concedes that he did not complete the work in accordance with the contract, but asserts that completion was rendered impossible by the failure and refusal of defendant to return for further fittings, which were necessary in completing one of the said dentures.

Defendant admits that she refused to return for further treatments and fittings, but asserts that she was justified in refusing to permit plaintiff to continue his efforts because of the unreasonable delay to which she had already been subjected.

The contract did not specify the time within which the work was to have been completed, and, in such case, a reasonable time must be allowed for performance.

In Ruling Case Law, vol. 6, p. 896, under the heading "Contracts—Time of Performance," we find that the jurisprudence is practically uniform to the effect that "a reasonable time for performance is implied in a contract which expressed no time for performance."

In H. T. Cottam & Co. v. Moises, 149 La. 305, 88 So. 916, 917, our Supreme Court approved the following language of this court: "When no time is specified for delivery of goods, a reasonable time is understood. Wilson v. Broom, 6 La. Ann. 381; Pratt v. Craft, 19 La. Ann. 131; Bartley v. City of New Orleans, 30 La. Ann. 264; Thompson v. Woodruff Co., 7 Cold. (Tenn) 401."

It is also true that the question of what is a reasonable time depends more or less upon the circumstances surrounding each particular case and very largely upon the custom in the particular trade, business, or profession which is involved in the case at issue.

In Haskins Trading Co. v. S. Pfeifer & Co., 14 La. App. 568, 130 So. 469, 470, we said: "* * * In determining what is a reasonable time, consideration should be given to what is the usual delay experienced by persons engaged in the same or a similar kind of business. * * *"

Here the record shows that, although the lower denture was not seriously defective and was furnished within a comparatively short time, the upper one, which was to be made of a material considerably more difficult to shape, caused much trouble and delay, and was three times rejected for defects, which, it is conceded, were real and which rendered it unsatisfactory and unusable. In fact, plaintiff himself rejected the three dentures, which were not manufactured by him, but on his order by a dental laboratory.

When the third upper denture proved defective, there had lapsed, since the making of the contract, a period of more than three months. The record does not show exactly how much more, but, apparently, it was at least three months and less than four. At this stage defendant refused to return for the making of a fourth model.

On the trial below plaintiff tendered evidence of a dental expert and of a dental laboratory expert which his counsel averred would have shown that it is not unusual, but, on the contrary, is customary, for dentists to require as much time as was required here to manufacture and fit dentures of the kind which were specified by defendant. On objection, this evidence was excluded by the trial court on the ground that it was not material to the issues involved.

It is strenuously urged that the ruling on this evidence was erroneous, and that it should have been allowed to go into the record because, in determining what is reasonable or unreasonable, as we have already said, the custom in the particular trade, business, or profession must be considered.

However, we find it unnecessary to consider this phase of the case because we find in the record uncontradicted testimony to the effect that, before the third denture was made, defendant consented to the making of the model for that purpose only after plaintiff had agreed that, if the third denture, when manufactured, was not satisfactory, defendant should be released from the contract. Defendant's testimony in this regard appears as follows: " * * * After I had so much trouble I didn't want to go back any more, and he wanted to give me another fitting and I said 'All right, and if this one does not fit that releases me', and the doctor said 'All right.'"

When the above-quoted testimony was given by defendant, plaintiff was, apparently, in the courtroom, and he failed to deny or contradict it, and we are justified in believing that such an understanding was had, and that, when the third denture proved defective, defendant, in refusing to return, acted in accordance with the above referred to understanding.

Thus it is unimportant whether the customary time for such work was more or less than that required by plaintiff.

Since plaintiff failed to complete his contract, it follows that he should return to defendant the amount paid to him on account thereof. The judgment, then, in favor of defendant dismissing plaintiff's suit and in her favor in reconvention for $10 is correct.

The judgment appealed from is affirmed. Affirmed.