Kolb, Respondent, vs. Bergelin and wife, Appellants:

*November 7—December 6, 1932.*

The cause was submitted for the appellants on the brief of *Chadek & Cornelisen,* attorneys, and *Raymond J. Rahr* of counsel, all of Green Bay, and for the respondent on that of *Elmer R. Honkamp,* attorney, and *Roger R. Tuttrup* of counsel, both of Appleton.

Fritz, J. Plaintiff sued on express contract to recover the agreed price for dental services, including a removable bridge and upper and lower porcelain dentures, to be made for Kathryn Bergelin, the wife of the codefendant, Henry Bergelin. There was no dispute as to the agreed price. However, in answer to the complaint, defendants alleged

that under the contract plaintiff agreed that the dentures would fit to the satisfaction of Kathryn Bergelin, and, in the event that they did not fit to her satisfaction, defendants would not be liable for the price agreed to be paid therefor; and that, contrary to the agreement entered into between plaintiff and defendants, the dentures did not fit the mouth of Kathryn Bergelin so that they could be used or worn with comfort, and did not fit to her satisfaction. Upon the trial, with a jury in attendance, those allegations of the answer were amply supported by credible evidence, which was, however, contradicted by plaintiff's proof that he did not guarantee satisfaction, that his guaranty covered only the workmanship and the quality of the materials, and that the dentures did fit. In view of those conflicts in the evidence, there were clearly such issues of fact to be determined by the jury as whether the contract was merely that the dentures would be of good workmanship and materials, or whether the agreed price was to be paid only in the event that the dentures fitted well and to the satisfaction of Kathryn Bergelin. Notwithstanding those conflicts and the resulting issues of fact, a verdict was directed for the recovery by plaintiff of the agreed price, and judgment was entered accordingly.

If, as defendants alleged, and as their proof tended to establish, due performance on plaintiff's part, under the terms of the express contract, required him to construct dentures which fitted to the satisfaction of Kathryn Bergelin, in order to entitle him to payment of the agreed price, then defendants were not obliged to accept the dentures or pay therefor if her dissatisfaction was real and in good faith, and not merely capricious or mercenary, or the result of a dishonest design to be dissatisfied in any event. If it was expressly agreed that the dentures had to be satisfactory to Kathryn Bergelin to entitle plaintiff to payment of the agreed

price, then the contract is within the class which was under consideration in *Parr v. Northern Elec. Mfg. Co.* 117 Wis. 278, 93 N. W. 1099, in which this court said:

"It is admitted by the plaintiffs that the contract was that the die should operate satisfactorily. . . . The respondents seem to claim that, if they could prove by the preponderance of the evidence that the machine in fact did good work, the contract has been fulfilled. This is not the law in this state. When such a contract is made, the article must be, in fact, satisfactory to the purchaser, or he is not bound to take it. His dissatisfaction must not be capricious or mercenary, nor result from a dishonest design to be dissatisfied in any event. It must be real and in good faith, but, if these requirements be satisfied, he is not bound to take the article."

To the same effect see *Manning v. School District,* 124 Wis. 84, 104, 102 N. W. 356; *Lieberman v. Weil,* 141 Wis. 635, 638, 124 N. W. 262; *Keachie v. Starkweather D. Dist.* 168 Wis. 298, 304, 170 N. W. 236; also *Aymar v. Bloomingdale,* 157 N. Y. Supp. 837, in which the rule was applied to a contract for dental work, which plaintiff had paid for under a promise by the defendants to return the money should he be "dissatisfied."

Under such contracts it is not sufficient that there has been performance in a good and workmanlike manner. It is true that is all that was necessary, in so far as performance was concerned, in *Holsapple v. Scofield,* 176 Wis. 649, 187 N. W. 682, which was also an action to recover for dental services. However, in that action there was no such express contract as defendants contend existed in the case at bar. That action was brought to recover, on a contract implied in fact, the reasonable value of dental services performed without any express agreement that there was to be no obligation to pay unless the work when completed was satisfactory to the patient. Consequently, it was held in that case that lay evidence that the result was not satisfactory to the patient

was insufficient—as against uncontradicted testimony to the contrary of credible experts—to establish that the work was not in accordance with the recognized standard of skill in that locality; and that performance merely to the latter extent was all that was necessary to entitle the plaintiff to recover, in that class of cases, based on contracts implied in fact. As that decision is not in point if the terms of the contract in the case at bar are as contended by the defendants, it follows that in view of the conflict in the evidence, before there can be any determination by the court as a matter of law as to the respective rights and obligations of the parties herein, there must be findings by the jury upon the crucial issues of fact, which arise under the evidence in the respects hereinbefore mentioned.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.