**65 So.2d 331**

**KATZ v. BERNSTEIN.**

No. 40876.

April 27, 1953.

Atlee P. Steckler, New Orleans, for plaintiff-appellant.

Coe, Nowalsky & Lambert, New Orleans, for defendant-appellee.

LE BLANC, Justice.

Dr. Robert A. Katz, plaintiff herein, filed this suit on January 24, 1946, alleging in his petition that he had rendered medical and other services to Abe Bernstein, defendant, herein, at defendant's request; that after said services were rendered, a bill was submitted to defendant on August 1, 1945, for professional services rendered, in the amount of $5,000; that $5,000 is the reasonable value of the services rendered; that defendant has paid nothing on account of said bill; and that there should be judgment in favor of plaintiff and against defendant in the amount of $5,000 plus interest and costs.

The medical services rendered consisted of two office visits to plaintiff by defendant, and hospital treatment by plaintiff to defendant during 50 days, June 4 to July 22, 1945, during which defendant was confined to Touro Infirmary. The other services rendered consisted of three trips to the Federal Court in New Orleans by plaintiff on behalf of defendant, while defendant was under criminal charges in said court: one to a conference in the judge's chambers, a second when defendant pleaded to the charges against him, and a third when sentenced; also numerous conferences between plaintiff and defendant's attorneys.

Defendant filed his answer on February 9, 1946, and in Paragraphs III and IV admitted receiving the above medical services; in Paragraphs XIII, XIV, and XV defendant also admitted the three visits at his request to the Federal Court on his behalf, and in Paragraph XVII admitted to a number of conferences, by phone and in person, between plaintiff and defendant's attorneys. Defendant however denied owing plaintiff anything for said services.

On June 1, 1951, defendant filed a supplemental answer, in which he reiterated all the allegations of his original answer, and further averred that about March 2, 1945, defendant entered into a verbal agreement with plaintiff whereby plaintiff agreed to treat and furnish any and all treatment and medical advice to defendant for a period of one year for a flat fee of $600 payable in advance; that on April 7, 1945, defendant paid plaintiff the sum of $600; that on due proof thereof, defendant is willing to pay plaintiff a reasonable fee for the services rendered by plaintiff in the Federal Court on his behalf.

On February 11, 1952, the case was tried and resulted in judgment in favor of plaintiff and against defendant in the sum of $500 plus interest and costs. Plaintiff has appealed asking that the judgment be increased to $5,000. Defendant has answered the appeal asking that the judgment appealed from be reversed and that plaintiff's suit in its entirety be dismissed with costs.

On the trial of the case, plaintiff testified that he rendered the above medical and other services and that his fee of $5,000 which he claims is based mainly on defendant's ability to pay, his impression being at the time that defendant was worth between a quarter-million and a half-million dollars. He emphatically denied any contract for one year's services for a sum of $600—in fact, he denied ever having made any contract for services in his entire practice, though he admitted some so-called flat fee arrangements. The $600 was, according to his testimony, for professional services rendered the defendant during February, March, and April of 1945, and at the time the $600 was paid, that is, on April 8, 1945, he was paid in full. The inference from his testimony is that the subsequent treatment consisted of entirely new and different services for which he charged him $5,000.

Defendant, on the other hand, testified that he and plaintiff entered into a verbal agreement for a year's treatment, for $600, which sum has been pàid, and that he owes plaintiff nothing for medical services. As to the court appearances, he contended, contrary to his original answer, that plaintiff appeared in court only once, though he denied requesting plaintiff to do so, and that he was willing to pay plaintiff for this one visit. One of plaintiff's former patients, the son of another, and a doctor testified on behalf of defendant. Defendant also offered in evidence the depositions of two other former patients of plaintiff and a second doctor.

A reading of the record shows that there was an agreement between the parties that the plaintiff would treat the defendant for his illness. At the inception of this agreement, on or about February 20, 1945, the date of defendant's first office visit to plaintiff, as evidenced by defendant's Chart of Hospital Treatment, there was no agreement as to the fee to be paid for the services rendered. It was after the first or second visit that defendant claims that plaintiff agreed to treat him for twelve months for the sum of $600. After four office visits and hospital treatment for 14 days, defendant paid plaintiff $600. Subsequently, there were three office visits and hospital treatment for 50 days, as well as the trips to court and the conferences with defendant's attorneys during the time defendant was under charges in the Federal Court. This

second hospitalization ended on July 22, 1945, and on August 1, 1945, defendant received a bill for $5,000 from plaintiff for professional services. Nothing has been paid on this bill.

As the defendant admitted receiving the services but denied any liability thereon by reason of a contract for one year's services for $600, the burden of proving this defense rested on him.

The testimony of both parties is in direct contradiction on this point, the plaintiff insisting that he never had made any such agreements during his entire practice. When confronted with the testimony of several of his former patients which indicated that he had treated them under somewhat similar arrangements he maintained either that some were charity patients or that the circumstances surrounding them were different. Plaintiff seemed to want to give the court his own idea of what a contract between a doctor and his patient meant, which, of course, as the trial judge properly told him, was a matter for the court to decide.

We believe that the testimony of the defendant is supported by the circumstance shown that the methods of payment by other of plaintiff's patients were agreements of the same nature as plaintiff entered into with him. Moreover, were the matter to be decided on the basis of a quantum meruit it is shown that for the number of visits and for the services rendered the sum of $600 is considerably more than is

usually charged per visit according to the testimony of two doctors whose testimony forms part of the record. Plaintiff himself did not call on any physician to substantiate his charges. When asked on what he based them he says that it was on what he considered the defendant's ability to pay. That has been recognized as one of the factors on which to base a doctor's charge for his services. The only proof of the defendant's worth that appears in this case is the plaintiff's own "impression" that he was worth a certain amount of money. Certainly the court should have more proof on which to rely in order to apply that circumstance as a factor in determining the question. Defendant himself testified that at the time he was treated, his income was about $7,000 or $8,000 a year and at present it is not that much. Certainly he is not a man of such means as to justify a larger charge for medical services than should be made in the average case.

Therefore, whether the matter of the amount plaintiff is entitled to for his services in this case be based on a contract, which we are inclined to believe existed, or on a quantum meruit, we are of the opinion that $600 fully covered the same.

■ Regarding that part of plaintiff's demand for services rendered the defendant by appearing in the Federal Court as a witness in his behalf it is observed that he makes no specific charges and includes them in the total amount of his demand for $5,000. Neither we observe did he offer any specific proof of the amount such services are worth. However, as the defendant has admitted that such services were rendered and his counsel in their brief indicate that an allowance of $50 would be reasonable, we think we are justified in making such an award as we consider proper.

Plaintiff and defendant are not in accord as to the number of times plaintiff appeared in court, plaintiff insisting that it was on three occasions and defendant claiming that it was only on one. The evidence fairly preponderates in plaintiff's favor on this point, at least to the extent of showing that he appeared in court twice and once in conference in the judge's chambers. Besides, it is shown that plaintiff had consultations with defendant's attorneys regarding this matter for which he is entitled to compensation. For all of the services rendered by him with respect to the matter we have concluded that he should receive the sum of $150.

For the reasons stated, it is ordered that the judgment appealed from be amended by reducing the amount awarded from the sum of $500 to the sum of $150 and as thus amended, it be affirmed.