HARDY, Judge.
This is a suit by plaintiff as assignee of a balance due on account for professional services rendered by a dentist in making and fitting a set of false teeth for the defendant. Plaintiff claimed the sum of $193 representing the amount of $175 due for services in connection with preparing defendant’s mouth, making and fitting the teeth, and $18 for other costs. From a judgment in favor of plaintiff in the principal sum of $175 the defendant has appealed.
It is established that Dr. Ray D. Tarver, a dentist of Natchitoches, agreed to perform necessary services in connection with, the making and fitting of a set of false teeth for the defendant, Leston Lemoine; that such services were actually performed but that the denture failed to fit and, as a consequence, was unsatisfactory. Defendant denies liability on the ground that Dr. Tar-ver agreed to make the teeth satisfactory to-the defendant and that the latter was “hon *535 estly dissatisfied” with the denture after making a sincere effort to wear them. In this connection the testimony is clear that dentures customarily require a number of fittings and adjustments before they can be made to satisfactorily conform to the convenience and comfort of the wearer. This conclusion is amply supported by jurisprudence bearing upon questions involving the right of recovery for the making of dental plates. The testimony as to this factual circumstance in the instant case is in direct conflict. Dr. Tarver testified that defendant never returned for a fitting, but, on one occasion, sent the teeth back by his sister for the purpose of having the dentist make an adjustment. Defendant testified that he had returned “once or twice” for adjustment, despite which the teeth proved unsatisfactory and he finally returned the plate by his sister.
A patient who admits receiving professional services but denies liability by reason of a contract bears the burden of proving the existence of such an agreement. Katz v. Bernstein, 223 La. 251, 65 So.2d 331.
In the instant case defendant has failed to establish by a preponderance of the evidence any agreement which would exonerate him from liability under the facts.
Even conceding the existence of an agreement between doctor and patient that the services rendered shall be satisfactory to the latter, we do not think failure of satisfaction will exonerate a patient from liability for charges if such failure is attributable to the fault of the patient. In the instant case we think it is clearly established that the defendant did not give Dr. Tarver a reasonable opportunity to make the necessary adjustments, and it follows that he must bear the responsibility for his own fault.
Counsel for defendant cites the following authorities in support of the contention that unsuitable dental plates constitute a defense to an action for a dentist’s compensation; Berger v. Rifkin, R.I., 179 A. 3; Kolb v. Bergelin, 209 Wis. 547, 245 N.W. 583; Wolfe v. Sample, La.App., 141 So. 812. We have examined the cited authorities with interest but unfortunately for counsel’s contention, have reached the conclusion that under the facts of the instant case the principles of law fail to sustain defendant’s contention. The denial of recovery by a dentist in the case of Wolfe v. Sample, supra, was based upon the establishment of an unqualified guarantee by the dentist, after his rejection of three dentures which had been manufactured on his order by a dental laboratory, that failure of satisfaction in the fitting of the third denture should release defendant patient from the contract. No such fact has been established in the instant case.
In our examination of authorities from other jurisdictions we have had occasion to examine the case of Parvey v. Barasch, R.I., 142 A. 230, in which the facts, as narrated in the opinion of the court, are so similar to those established by the record before us that we think it pertinent to quote the following extract from the opinion:
“Plaintiff is a dentist. He made a lingual bar plate for defendant for which he charged $75. He testified that this was a reasonable price for the plate. He explained that sometimes it was necessary to file such a plate several times before it would fit the mouth of the wearer. He testified that he fitted the plate for defendant and told him to return and have other fittings, if necessary, until he would be satisfied with it, and that defendant never returned.
“Defendant testified that plaintiff said he would make a lingual plate that would be all right; that plaintiff made the plate and fitted it several times; that the plate hurt so much he was unable to wear it and kept it in his house, and that he told plaintiff the plate was not satisfactory. Defendant admitted that he had the plate and never offered to return it to plaintiff nor pay anything for it. He did not claim that *536 plaintiff ever refused to fit it for him. Defendant cannot keep the plate, refuse to have it fitted, and not pay what it is reasonably worth.”
The only distinction of fact between the two cases is that in the cited case it appears that the patient retained possession of the unsatisfactory plate while in the instant case defendant returned the plate to the dentist. However, we do not consider that this, in itself, has any material bearing upon the right to recovery for the services rendered. We are of the opinion that a patient who fails or refuses to give a dentist reasonable opportunity to make proper adjustment of a dental plate cannot avoid liability for an account for services rendered, on the ground of dissatisfaction.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.